## WILLIAM F. ATKINSON, Appellant, v. ALEX CARTER, JR., Respondent.

St. Louis Court of Appeals, May 12, 1903.

1. **Interpleader: ANSWER.** In this State an interplea for a fund may be made by answer.

2. ———: ———: **AVERMENTS OF INTERPLEA, SUFFICIENT.** Defendant, in a suit on a note, answered that plaintiff, himself and a third party, were co-defendants in an equity suit by which it was sought to subject the proceeds of the note sued on, to the payment of judgments obtained against the third party, and that such equity suit was then pending, and defendant admitted that he owed the note, and was anxious to pay it and had no interest in the controversy: *Held,* that such averments made out a good interplea.

3. ———: ———: NONSUIT BEFORE SUBMISSION: CON-
STRUCTION OF STATUTES. Revised Statutes 1899, section 639,
provides that a plaintiff may dismiss a suit or take a nonsuit before
final submission. Revised Statutes 1889, section 8172, provides
that, notwithstanding plaintiff may take a nonsuit or dismiss his
suit before final submission, defendant's counterclaim or set-off
shall be proceeded with to final judgment: *Held*, that notwith-
standing the defendant, in an action on a note, set up by answer an
interplea, plaintiff's motion to dismiss his suit before final sub-
mission should have been granted.

*Appeal from Audrain Circuit Court.—Hon. E. M.
Hughes, Judge.*

REVERSED AND REMANDED.

STATEMENT.

The suit is on the following promissory note:

"$800.    Mexico, Mo., December 24, 1900.

"On December 25, 1901, I promise to pay to Wil-
liam F. Atkinson, eight hundred dollars, for value re-
ceived, with interest thereon at the rate of eight per
cent per annum from maturity, and if the interest is
not paid annually to become as principal and bear the
same rate of interest. This note is not negotiable and
is given for the rent of 540 acres of land more or less,
located in sections 2, 10 and 11, township 52, range 8
west, Audrain county, Missouri, for a term beginning
March 1, 1901, and ending March 1, 1902.

"ALEX. CARTER, Jr."

On June 12, 1902, defendant filed the following an-
swer to the petition:

"Now comes the defendant herein, for his amended
answer to plaintiff's petition and for his interplea ad-
mits the execution of the note sued upon, and admits
that the same is due and says he is ready and willing to
pay the same and now offers to pay the same into court
to be held there to abide the rights of certain parties

hereinafter named, whom defendant prays may be made parties in this action.

"Defendant says that heretofore, to-wit, on the 16th day of July, 1901, John B. Gregory and Mary B. Beagles, as plaintiffs, began their action in the circuit court of Audrain county, Missouri, in the nature of a creditor's bill and against this plaintiff and this defendant and other persons therein named, including James M. Beagles, wherein it is set forth and claimed in their petition that they are entitled to have the proceeds of said note and are entitled to have said note herein sued on, subject to the payment of certain judgments in said petition described, to-wit, one in favor of John B. Gregory for the sum of four hundred and thirty-eight dollars, and ten dollars in costs, and one judgment in favor of Mary B. Beagles for alimony rendered at the June term, 1901, for the sum of ten dollars per month and eighty-five dollars in costs, making at this time the sum of one hundred and eighty-five dollars. And it is alleged in said petition and claimed by said John B. Gregory and Mary B. Beagles that the said note herein sued upon is the property of said James M. Beagles and that said plaintiff herein is holding the same and has taken the same in his name as trustee for the benefit of said James M. Beagles.

"And it is further prayed in said petition in said action that a receiver be appointed to take charge of said note or its proceeds in order that the same may be used to pay the judgments of said John B. Gregory and Mary B. Beagles."

Said cause was tried in the Audrain Circuit Court and all of said plaintiffs and the said defendants appeared thereto and judgment was rendered in favor of said defendants at the January term, 1902, and thereupon said plaintiffs perfected their appeal to the Supreme Court of Missouri, where said action is now pending for trial.

"Defendant further says that at the beginning of

said action said note was not due and did not become due until the 26th day of December, 1901, and at the time said note became due and ever afterwards, said note was held by the Mexico Savings Bank as collateral security, and therefore this defendant was unable to pay the same into court in said action.

"Defendant further alleges that he is not interested in said action and has ever since said note became due been ready and willing to pay the same but has been advised that he can not do so with safety to himself so long as said plaintiffs in said creditors' bill claim the proceeds of said note, and said note as is in said bill set forth and claimed.

"Wherefore this defendant comes now and files this answer in the nature of an interplea and prays that this court will make an order making said John B. Gregory and Mary B. Beagles and if necessary James M. Beagles parties hereto, that they may come into court and assert their claim to the proceeds of this note and interplead for the same.

"And further prays the court to be allowed to pay the amount due on said note into court to abide the rights of the parties in said action in the nature of a creditor's bill, and for all other relief proper under the facts aforesaid, and particularly that plaintiff be enjoined from further proceeding with this action.

"And further prays that he be allowed the costs and expenses of filing and maintaining this interplea."

On June 4, 1902, the court gave plaintiff leave to plead to the answer on or before the sixteenth of the same month. Plaintiff failed to plead within the time granted, but on June 26, 1902, filed the following motion:

"Now comes the plaintiff and files his motion and asks the court to permit him to dismiss this action, and hereby asks that this action be dismissed voluntarily by plaintiff at his cost," which motion the court overruled, whereupon the plaintiff offered to file a reply to the

answer wherein he denied generally each and every allegation therein.

The court refused to permit the same to be filed, because the same was out of time and tendered issues on facts in a cause then on trial, which facts were before confessed by failure to reply within the given time, and because the failure to reply before was not the result of oversight or inadvertance of counsel, to which action of the court in refusing to permit said reply to be filed the plaintiff excepted and saved his exceptions.

The court thereupon sustained the answer and interplea and rendered judgment that the parties do interplead for the fund paid in court.

On motion of defendant, after hearing the evidence, the court allowed defendant $75 as attorneys' fees and expenses of filing his bill of interpleader and entered the following judgment:

"Now on this 26th day of June, this cause coming on to be heard and defendant having filed his motion to dismiss the cause, which is by the court seen and duly understood is overruled. The court doth sustain the interplea and render judgment for the interpleader, defendant, and it is ordered that summons issue for John B. Gregory, Mary B. Beagles and James B. Beagles and be served upon them to appear and answer in the said cause at the next term of this court, and then and there to make such claim as they may have to the fund, this day amounting to $832 and deposited with the clerk; and it is further considered, ordered and adjudged by the court that the defendant be allowed to retain the sum of $75 for his costs and expenses of filing said interplea out of said fund; and it is further adjudged that all costs accrued up to the time of the filing of the answer and interplea herein be adjudged against defendant, and all costs hereinafter against plaintiff, and it is further ordered that execution issue therefor."

Motions for new trial and in arrest proving of no avail, plaintiff appealed.

*W. W. Fry* for appellant.

Defendant's so-called interplea does not state a cause of action. It does not contain allegations sufficient to warrant the order. There is no equality in said interplea. A bill of interpleader should show 'that there is some doubt in point of fact to which of the rival claimants 'of the admitted debt or duty belonged. It should show also a color of right derived from a common source in the respective claimants, but it should not show a clear title in either against the other. It should satisfy the court that the debtor is a mere stakeholder and entitled before payment to the protection of equity in enforcing a settlement of the opposing claim. Beach, Mod., sec. 148; Story's Equity Pleadings, secs. 291-279; Pomeroy's Eq. Jur., sec. 1320 et seq; Roselle v. Bank, 119 Mo. 92; Sullivan v. Knights of Fa. Mat., 73 Mo. App. 43; Hathaway v. Foy, 40 Mo. 540; Carico v. Tomlinson, 17 Mo. 499.

*Geo. Robertson* for respondent.

(1) Plaintiff can not terminate his suit as of right, where it may prejudice the rights of the defendant. 6 Ency. of Pl. and Pr., 843-845; Railroad v. Union Rolling Mill Co., 109 U. S. 715. (2) The general rule now is that the defendant who has filed a cross-bill or counterclaim setting up affirmative relief is deemed a plaintiff and he can not thereafter be deprived of his right to a just trial of his cause by a voluntary dismissal or nonsuit by plaintiff. This is true even where a statute expressly provides that the plaintiff may discontinue at any stage previous to the rendition of judgment. 6 Ency. of Pl. and Pr., 848-850. (3) Whenever the cross-bill or cross-complaint sets up a sufficient cause of action in favor of the defendant, then the

plaintiff can not dismiss.   Id. 851.   (4)   An interplea
may be made by answer.   Monks v. Miller, 13 Mo. App.
363; Sullivan v. Knights of Fa. Mat., 73 Mo. App. 43.

BLAND, P. J.—It is contended by plaintiff that the
answer is insufficient as a bill of interpleader; that it
does not state facts sufficient to support the order and
judgment of the court that plaintiff, Gregory et al.,
interplead for the fund.

It is well settled in this State that an interpleader
may be made by answer.   Davison v. Hough, 165 Mo.
561; Roselle v. Farmers' Bank of Norborne, 119 Mo.
84; Sullivan v. Knights of Father Mathew, 73 Mo. App.
(St. L.) 43.   The ground of the jurisdiction (to inter-
tain a bill of interpleader) is that "the party seeking
the remedy is exposed to the hazard, vexation and ex-
pense of several actions at law for the same demand,
while he is ready and willing to satisfy that demand in
favor" of the claimant, who establishes his right
thereto."   Pomeroy's Eq. Jurisprudence, sec. 1320.
"It is not necessary, however, that all the claims should
be legal; the remedy is granted when one of them is
legal and the other equitable," says the same author in
section 1321.   The same author at section 1326, says:
"The party seeking the relief must have incurred no
independent liability to either of the claimants.   When
the plaintiff (interpleader) is liable at all events to one
of the defendants, whatever may be their own respective
claims upon the subject matter as between themselves,
he cannot call upon these defendants to interplead.   He
does not stand indifferent between the claimants, since
one of them has a valid legal demand against him at all
events."

In Kyle v. Mary Lee Coal & Railway Co. et al., 112
Ala. 606, it is said the bill must show "that all the ad-
verse titles or claims to the thing or debt, in reference
to which the bill is filed, must be dependent, or be de-
rived from a common source."   "The claims, too, should

be specifically set forth, so that they may appear to be of the same nature and character, and the fit subject of a bill of interpleader.'' Story, Eq. Pl., sec. 293.

"In a bill of interpleader it is necessary to aver that the complainant has no interest in the subject-matter of the suit; he must admit title in the claimants and aver that he is indifferent between them," says Beach on Modern Equity Practice, section 144. The same author in section 148, says that "in a bill of interpleader it is essential that the claims of the parties should be specifically set forth, so that they may appear to be of the same nature and character, and the fit subject of a bill of interpleader. 'The complainant in an interpleading bill must show that he is ignorant of the rights of the respective parties, who are called upon by him to interplead; or that at least there is some doubt, in point of fact, to which claimant the debt or duty belongs.' "

The defendant's interplea is meager in the statement of the facts and is otherwise faulty; but no objections were made to it in the court below and it seems to us, giving its allegations a liberal construction, they are sufficient to entitle the defendant to the relief he prays for. It alleges that plaintiff himself and James Beagles are defendants in an equity suit in the nature of a creditor's bill brought by Mary Beagles and John Gregory, by which it is sought to subject the note in suit or its proceeds to judgments obtained by Gregory and Mary Beagles against John Beagles and that that suit is pending by appeal in the Supreme Court; that defendant owns the note, that it is past due and he is ready and anxious to pay it in discharge of his obligation; that he has no interest in the controversy between the other parties to the equity suit.

From these allegations it is manifest that the defendant is in the predicament of having no defense to the note in suit, and yet if he suffers a judgment to go against him in favor of plaintiff, or make payment to

plaintiff; that if it shall be determined in the equity suit that the note or proceeds are subject to payment of the Gregory and Beagles judgments, he would be compelled to pay these judgments. Under this state of facts a bill of interpleader unquestionably lies.

2. Plaintiff assigns as error the refusal of the court to permit him to dismiss his suit before it was submitted to the court. The right of a plaintiff to dismiss his suit or to take a nonsuit before final submission is guaranteed by statute (sec. 632, R. S. 1899). This section has been before the Supreme Court on several occasions, when it was construed to give the plaintiff the right to dismiss his suit or take a nonsuit, notwithstanding the defendant had filed a counterclaim equal to or exceeding the demand of the plaintiff. Nordmanser v. Hitchcock, 40 Mo. 178; Fink v. Bruihl, 47 Mo. 173; Martin v. McLean, 49 Mo. 361.

In 1889 a new section (8172) was added to the chapter on "Set-off" by which it is provided that notwithstanding plaintiff might take a nonsuit or dismiss his suit before final submission, yet the defendant's counterclaim or set-off should be proceeded with to final judgment. Pullis v. Pullis, 157 Mo. 1. c. 588.

The general rule in respect to a plaintiff's right to dismiss before final submission is, that where the answer sets up new matter demanding affirmative relief for which the defendant might maintain a separate action against the plaintiff, the defendant, as to such new matter, is deemed a plaintiff and can not thereafter be deprived of his right to a trial of his cause by a voluntary dismissal or nonsuit by the plaintiff. 6 Ency. Pl. and Pr. p. 848, and cases cited in the notes. But this rule has never obtained in this State. On the contrary, the Supreme Court, except in special proceedings, has construed the right of a plaintiff to dismiss or take a nonsuit under section 632, supra, before final submission, to be absolute and unconditional. With this construction before it, the Legislature in 1889 enacted sec-

tion 8172, supra. This section does not interfere with or in the least abridge a plaintiff's right to dismiss a suit or take a nonsuit before final submission; but it secures to a defendant who has filed a counterclaim a new right; that is, it retains the counterclaim or set-off in court after the dismissal of plaintiff's cause of action and authorizes a trial and judgment thereon. It does not modify or qualify section 632, supra, in the least and it is apparent that the Legislature did not intend by section 8172, supra, to abridge plaintiff's right to dismiss a suit or take a nonsuit as that right had been theretofore defined by the Supreme Court, and, we think, the rule prevails in this State, that in all ordinary actions at law or in equity, the plaintiff has the right before final submission to dismiss his suit or take a nonsuit, irrespective of the fact that matters are pleaded in the answer which would entitle the defendant to affirmative relief and for which he might maintain a separate action against the plaintiff. It follows that the court erred in sustaining plaintiff's motion to dismiss.

The judgment is reversed and the cause remanded with directions that plaintiff's motion to dismiss the suit be sustained and the cause of action be dismissed. *Goode* and *Reyburn, JJ.,* concur; the former on the ground that in this case plaintiff was entitled to take a nonsuit.