Scott v. Rees.

ANNA J. SCOTT, Plaintiff in Error, v. PEARLE E. REES.

Division One, July 31, 1923.

1. **JUDGMENT: On Merits: Failure of Plaintiff to Appear: No Counterclaim Pleaded.** Unless the answer pleads a setoff or counterclaim, the court has no power, upon the failure of the plaintiff to appear when the case is called for trial, to hear the cause and render judgment for defendant on the merits, but its only power is to dismiss the plaintiff's petition and render judgment for costs against him.

2. ———: ———: ———: **Plea of Res Adjudicata: Not Counterclaim or Setoff: Motion to Set Aside.** An answer asking for no affirmative relief and setting up nothing showing that defendant has a separate cause of action against plaintiff, but simply containing a general denial and a plea of former adjudication as a defense, even if that be admitted as a plea of an affirmative defense, is neither a counterclaim nor a setoff, and the court has no power, upon plaintiff's failure to appear when the case is called for trial, to render judgment for defendant on the merits, but can only dismiss the petition and enter judgment for costs. And having heard the evidence upon plaintiff's failure to appear and rendered judgment on the merits for defendant, the court should sustain a motion to set aside the judgment and in lieu thereof render one dismissing the petition.

3. ———: ———: ———: **Motion to Vacate: No Bill of Exception: Independent Proceeding: Writ Coram Nobis.** Ordinarily motions, both before and after judgment, are not pleadings, or a part of the record unless incorporated in a bill of exceptions; but motions, even though filed in the same case, may initiate independent proceedings, and when they are such they are in the nature of pleadings, and will be considered as and become a part of the record without being incorporated in the bill of exceptions. A motion *nunc pro tunc* to vacate a judgment, which on its face shows that the court had no power to render it, is in the nature of a pleading, and under the statute (Sec. 1552, R. S. 1919) may be filed within three years after the term at which such judgment was rendered. After three years it is to be considered as a writ of error *coram nobis*, but lies only to reach matters *dehors* the record. In either case it comes within the purview of the statute authorizing judgments to be set aside for irregularities, and is to be considered

as a pleading in an independent proceeding, and need not be incorporated in a bill of exceptions in order to be made a part of the record.

4. ———: Motion to Vacate: Writ of Error: When Within One Year. Where the trial court, upon plaintiff's failure to appear at the trial, heard the evidence upon defendant's answer, which pleaded neither a counterclaim nor a setoff, and rendered judgment for defendant upon the merits, and after the adjournment of the term plaintiff filed her motion to vacate the judgment and render one dismissing her petition, and her motion was overruled, a writ of error sued out of the Supreme Court within one year after the order overruling said motion was made, is timely. The one year mentioned in the statute (Sec. 1487, R. S. 1919) began to run, not on the date such original judgment was rendered, but on the date the order overruling the motion to vacate was made. The order overruling the motion, which was in the nature of a pleading in an independent proceeding, was a final judgment from which an appeal will lie, and a writ of error to correct it may be sued out within one year after it was made.

Error to Jackson Circuit Court.—*Hon. John A. Austin,* Judge.

REVERSED AND REMANDED (*with. directions*).

*C. W. Prince, E. A. Harris* and *James N. Beery* for plaintiff in error.

(1) Where there is no counterclaim nor prayer for affirmative relief, and plaintiff fails to appear to prosecute his action, the court cannot render judgment upon the merits, but must dismiss the cause. Under such circumstances the court is necessarily without jurisdiction to do anything but dismiss the cause. Nordmanser v. Hitchcock, 40 Mo. 179; Wright v. Salisbury, 46 Mo. 26; Hoopes v. Rowley Co., 200 S. W. 443; Lanyon v. Chesney, 209 Mo. 1; Grays v. Ward, 234 Mo. 291; Cornell v. King, 119 Mo. App. 191; Clowser v. Noland, 72 Mo. App. 217; Hamlin v. Walker, 228 Mo. 611; Atkinson v. Carter, 101 Mo. App. 477. (2) Judgments in any court of record shall not be set aside for irregularities on motion, unless such motion is made within three years

after the term' at which such judgment is rendered. R. S. 1919, sec. 1552. (3) The non-appearance of plaintiff is equivalent to the expression of an election on her part to take a nonsuit. Clowser v. Noland, 72 Mo. App. 220. (4) An irregularity is the want of adherence to some prescribed rule or mode of proceeding, either in omitting to do something that is necessary for the due and orderly conduct of a suit, or doing it in an unreasonable time or improper manner. Clowser v. Noland, 72 Mo. 220.

*Stubbs & Stubbs* for defendant in error.

(1) A writ of error will lie only to review a final judgment. Sec. 1485, R. S. 1919; Duncan v. Forgy, 25 Mo. App. 313; Young v. Hudson, 99 Mo. 102; Kroeger v. Dash, 82 Mo. App. 332; Padgett v. Smith, 205 Mo. 124; State ex rel. Iba v. Mossman, 231 Mo. 485; Strother v. Railroad, 268 Mo. 429. (2) A writ of error upon any judgment may only be sued out within one year after the rendering of such judgment. Sec. 1487, R. S. 1919; Warren v. Lead & Zinc Co., 255 Mo. 138. (3) The motion to correct judgment in the instant case is not a final judgment and cannot be reviewed by writ of error. Pickle v. Pickle, 176 Mo. App. 673. (4) A motion to correct a judgment cannot be reviewed except by appeal and then only if the action of the trial court has been preserved in a bill of exceptions. In this case no bill of exceptions was preserved. Corby v. Tracy, 62 Mo. 515; City of St. Louis v. Brooks, 107 Mo. 380; Graft v. Dougherty, 139 Mo. App. 56; Sternberg v. Levy, 159 Mo. 629; Wafford v. Railroad, 195 Mo. 213; Pickle v. Pickle, 176 Mo. App. 677.; Brown v. Ins. Co., 228 S. W. 884; Johnson v. Terminal Ry. Co., 232 S. W. 239. (5) The plea of *res adjudicata* is an affirmative defense. Battie Mfg. Co. v. Geradi, 166 Mo. 142; Nelson v. Jones, 245 Mo. 579. (6) The dismissal by plaintiff in person, in open court of her petition with prejudice, was an open and voluntary renunciation of her claim forever and the

judgment of dismissal with prejudice under those circumstances was equivalent to an adjudication upon the merits and operates as a perpetual bar to a future action. United States v. Parker, 120 U. S. 89; Hargis v. Robinson, 70 Kan. 594. (7) The judgment in this case is within the issues, and the facts pleaded in defendant's answer entitled him to affirmative relief, and a judgment granting such relief will be upheld, even though the answer contained no prayer for affirmative relief. 11 Ency. Pl. & Prac. pp. 868, 877, 879; Benedict v. Horner, 13 Wis. 256; Cythe v. La Fontain, 51 Barb. (N. Y.) 186; National Foundry Pipe Co. v. Oconto City, 105 Wis. 48; Durrant v. Essex Co., 7 Wall. 107; Cattle v. Frank, 148 U. S. 603; Armory v. Armory, 26 Wis. 152; Ricketts v. Finkelston, 211 S. W. 391; Crosby v. Farmer's Bank, 107 Mo. 436; Harper v. Kemble, 65 Mo. App. 514; Lumber Co. v. Jones, 220 Mo. 190; McLarty v. Griggs, 222 S. W. 391.

SMALL, C.—The error complained of is the refusal of the circuit court to correct a judgment against the plaintiff by making an entry *nunc pro tunc* setting aside said judgment and entering a proper judgment, as requested by a motion filed by the plaintiff in said cause within three years after the term at which such judgment was rendered. The circuit court overruled said motion on the 28th day of January, 1921. Said motion, omitting its caption, was as follows:

"Motion to correct judgment entry for irregularities appearing on the face of the record proper.

"Annie J. Scott, the plaintiff above named, hereby moves the court for a rule or order setting aside the judgment entry herein and order the entry of a proper judgment dismissing plaintiff's petition and with costs against the plaintiff, for the reasons:

"First: Irregularities appearing upon the face of the record proper.

"Second: The judgment appearing of record is not responsive to the pleadings.

"Third: The plaintiff not appearing, it was error to permit defendants to give evidence.

"Fourth: The court has jurisdiction only to enter a decree dismissing plaintiff's petition for want of prosecution.

"Fifth: Plaintiff suggests the following entry be, by the court ordered and entered *nunc pro tunc.*

"(Caption omitted).

"It having been made to appear that the judgment heretofore, and on the 25th day of February, 1920, entered here and in this action is erroneous and irregular.

"Now therefore, on motion of H. W. Hawes, of counsel for the plaintiff, it is ordered that the said judgment entry be made and entered, *nunc pro tunc.*

"(Caption omitted).

"The 28th day of January, 1920, term.

"Now on this day, cause coming on for trial, plaintiff fails to appear and prosecute her cause, defendants appear in person and by attorney.

"Wherefore, it is ordered by the court that the petition heretofore filed herein by the plaintiff be and the same is dismissed and with costs against the plaintiff.

"Dated January 8, 1921."

The record entry made on January 29, 1921, overruling said motion, was as follows:

"Now on this day plaintiff's motion to correct judgment entry for irregularities appearing on the face of the record proper is by the court taken up, fully heard and considered and the same is by the court overruled, to which action and ruling of the court plaintiff excepts."

On December 19, 1921, the plaintiff sued out of this court and this court issued its writ of error to said circuit court in said cause. Afterwards, plaintiff gave due notice of said writ to defendant and duly filed complete transcript of the record in this court. The petition in said cause was filed on the 2nd of January, 1920. It was a suit in equity to redeem certain tracts of land in said Jackson County, possession of which was alleged to be

in the defendant, but the equitable title was claimed to be in the plaintiff. The prayer of the petition was for an accounting for the rents and profits, and "that the respective rights and interests in and liens upon said property, legal and equitable of the respective parties to this action may be settled and determined and that the defendant be directed to pay over to the plaintiff any moneys found to remain in his hands upon said accounting, if any, after deducting sufficient to pay said one thousand dollars with the interest thereon and that the defendant be directed to return to the plaintiff the possession of said property and to surrender up to her for cancellation the aforesaid note and trust deed and for such other, different or further relief as to the court, may seem just, equitable, and proper and that such decree with reference to the costs of this action may be made as shall seem right and just."

The answer in said cause was as follows:

"Now comes the defendant, Pearle E. Rees, and for answer to the petition of the said Anna J. Scott, denies each and every allegation in said petition contained.

"For further answer to said petition of said Anna J. Scott, defendant states that the said Anna J. Scott did heretofore in the Circuit Court of Jackson County, Missouri, at Kansas City, in Cause No. 136612, file a petition against this defendant and that on the 26th day of September, 1919, the said Anna J. Scott appeared in open court and in Division 2 of the said circuit court and did then and there dismiss said petition with prejudice to further action against this defendant and that in said petition so filed by said Anna J. Scott against this defendant, the same matters, facts and grounds for equitable relief so plead were then and there adjudicated and now stand as *res adjudicata* between the said Anna J. Scott and this defendant."

The reply was as follows:

"The plaintiff above named, replying to the answer heretofore filed herein, denies the same and each and every allegation therein contained.

"For a second, separate and further reply to the new matter in said answer contained the plaintiff alleges that she did commence an action in this court, being number 136612.

"That some time thereafter and about September 26, 1919, the parties hereto entered into an amicable settlement of all matters then pending in court and in pursuance thereof this plaintiff did dismiss said action and did offer and tender to the defendant the performance of all of the conditions agreed upon in connection therewith, but that after the plaintiff had so dismissed her said action the defendant wholly failed, neglected and refused to perform any part of the conditions agreed upon by him in consideration of said dismissal and of said agreement or to carry out any part of his agreement.

"Wherefore, the plaintiff asks to be permitted to prosecute her cause of action as set out in her petition filed herein."

The judgment entry therein, of which plaintiff in error complains and moved to set aside and correct, was as follows:

"Now on this day this cause being regularly called for trial comes defendant in person and by his attorney, and the plaintiff failing to appear either in person or by attorney, this cause is submitted to the court upon the pleadings and evidence introduced on behalf of said defendant, Pearle E. Rees, and the court finds the issues involved herein in favor of the defendant.

"It is therefore ordered, adjudged and decreed by the court that said plaintiff, Annie J. Scott, take nothing by her action in this behalf and that said defendant, Pearle E. Rees, go hence discharged without day and recover of said plaintiff her costs and charges herein laid out and expended and have therefor execution."

I. It is well settled that, prior to the Revision of 1889, when Section 8172, now Section 1304, Revised Statutes 1919, was added, even when the defendant answered and pleaded a setoff or counterclaim, defendant could

not, if plaintiff failed to appear at the trial or take a nonsuit, take a verdict and judgment against the plaintiff on his setoff or counterclaim. The only judgment the court could render in such case was a judgment dismissing plaintiff's petition and for costs against him. [Lanyon v. Chesney, 209 Mo. 7; Nordmanser v. Hitchcock, 40 Mo. 178; Fink v. Bruihl, 47 Mo. 173; Martin v. McLean, 49 Mo. 361; Kelerher & Little v. Henderson, 203 Mo. 516.] But since the passage of said amendment in 1889, the dismissal by the plaintiff of his case would not prevent the defendant from obtaining judgment in his favor against the plaintiff on the counterclaim or setoff pleaded in his answer. [Lanyon v. Chesney, supra; Pullis v. Pullis, 157 Mo. 565.] But, unless the answer does plead a setoff or counterclaim, the plaintiff has a right to dismiss his case at any time before judgment; or if the plaintiff fails to appear at the trial, at all, the court has no power, when the case is called for trial, to hear the case on its merits, and render judgment against the plaintiff, but it can only dismiss the plaintiff's petition and render judgment for costs against him. [Authorities supra; also, Gray v. Ward, 234 Mo. 291; Hoopes v. Rowley Co., 200 S. W. (Mo. App.) 443; Smith v. Hurt, 203 S. W. (Mo. App.) 625; Hamlin v. Walker, 228 Mo. 611; Atkinson v. Carter, 101 Mo. App. 477; Clowser v. Noland, 72 Mo. App. 217.] So that, unless the defendant's answer contained a setoff or counterclaim, the judgment herein rendered against the plaintiff on the merits was rendered without authority.

*Judgment Upon Merits.*

II. In this case, the answer asked for no affirmative relief, nor did it set up anything showing that defendant had a separate cause of action against the plaintiff. The answer simply contained a general denial and a plea of former adjudication, and it was merely pleaded as a defense. It was neither a counterclaim nor a setoff.

*Plea of Res Adjudicata.*

In Lanyon v. Chesney, 209 Mo. 1. c. 9, it is said: "Matter which is merely pleaded as a defense, or which shows that plaintiff never had a cause of action, cannot be said to be either a setoff or a counterclaim. [Jones v. Moore, 42 Mo. 413.]" To the same effect are Smith v. Hurt, 203 S. W. (Mo. App.) 625; Gray v. Ward, 234 Mo. 291; Hoopes v. Rowley Co., 200 S. W. (Mo. App.) 443. Koehler v. Rowland, 275 Mo. 573, holds that, where equitable matter is pleaded as a defense and no affirmative relief is prayed for, the equitable matter will be considered simply as a matter of defense and not as setting up an equitable action, so as to convert the suit into a case in equity.

But respondent asserts that the plea of *res adjudicata* was an affirmative defense. [Nelson v. Jones, 245 Mo. 579.] Yet, even if this be true, it is not a counterclaim, and is not pleaded as a counterclaim, but simply as a defense, and consequently the plaintiff was entitled to dismiss her case or fail to appear and prosecute it, which has the same legal effect, and the court was not authorized to proceed thereafter to try the merits of the case upon the answer and evidence of the defendant.

So that we rule that the judgment rendered in this cause, on the face of the record, was unauthorized by the pleadings. The court, therefore, erred in refusing to sustain the motion of the plaintiff to have the entry of said judgment set aside and corrected so as to be simply a judgment dismissing the plaintiff's petition and adjudging the costs against her.

III. But it is said that there was no bill of exceptions filed in this case and, therefore, the motion to vacate is not before the court, as it is not part of the record and can only be made so by being preserved in a bill of exceptions.

**Bill of Exceptions: Independent Motion.** We cannot allow this insistence. While it is true, that ordinarily motions in a cause both before and after judgment are not pleadings or part of the record unless made so by being incorporated in a bill of

exceptions, yet motions, even though in the same case, may initiate independent proceedings, in which case they are in the nature of pleadings and will be so considered and become part of the record without being included in the bill of exceptions. The motion in this case was filed under the provisions of Section 1552, Revised Statutes 1919, which provides: "Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion is made within three years after the term at which such judgment was rendered." The irregularities for which judgments may be set aside under this section are irregularities appearing upon the face of the record only, and the motion must be made within the three years prescribed by the statute. If the motion to vacate the judgment is made after three years, it will only lie for certain matters *dehors* the record, and will be considered as a motion for a writ of error *coram nobis*. [State ex rel. v. Riley, 219 Mo. 1. c. 695; Cross v. Gould, 131 Mo. App. 585; Jeude v. Sims, 258 Mo. 40; Simms v. Thompson, 291 Mo. 493.] But in such cases, the motion for a writ of *coram nobis* is considered a pleading in an independent proceeding, and it need not be incorporated in a bill of exceptions to make it part of the record. [Jeude v. Sims, supra; Simms v. Thompson, supra.] "The legal character of a pleading is to be determined by its substance, and not by its name." [State ex rel. v. Ellison, 266 Mo. 423.]

Is there any difference, so far as being independent proceedings, between the motion in question, filed by the plaintiff, and a motion for a writ of *coram nobis?* Both are intended to accomplish the same purpose, to-wit, to initiate proceedings to set aside the judgment for irregularities, after the term at which it was rendered. The only difference is, that the motion before us must be filed within three years after the term, and the irregularities must appear upon the face of the record. Whereas, in the motion for a writ of *coram nobis* the irregularities must appear *dehors* the record, and such a

motion has no limitations as to time. Both are direct attacks upon the judgment rendered, and it would seem that the motion in each case performs the same function or office. The fact that the motion before us calls for no evidence except the record itself, which the court will judicially notice, whereas the motion for a writ of *coram nobis* calls for extrinsic evidence, relates simply to the manner of proving the irregularities alleged in the motion, and does not relate to the office or function performed by the motion. We, therefore, hold it was not necessary to file a motion for new trial or bill of exceptions to review the action of the lower court complained of by the appellant. It was all matter of record proper and determinable therefrom, and no part of it was matter of exception.

IV. But it is urged that the writ of error in this case was not brought within one year after the rendering of the final judgment in said cause, as required by Section 1487, Revised Statutes 1919. The record shows that it was not brought within one year from the date of the original judgment sought to be set aside, but that it was brought within one year after the order or decision overruling the motion was made. It is insisted, that such order is not a final judgment. We cannot agree to this contention.

In Shuck v. Lawton, 249 Mo. 169, there was a writ of error issued within one year from the date of sustaining a motion to vacate a judgment for irregularities on the face of the record and not from the date of the original judgment, and no question was raised as to its propriety.

We have just ruled that the proceeding before us was an independent proceeding, the same as a proceeding on a motion for a writ of *coram nobis*. In such case, the order of the court upon the motion is a final judgment from which an appeal will lie, even though it may also be a special order made after judgment from which an appeal would also lie. [Jeude v. Sims, 258 Mo. l. c. 46-47.]

In State ex rel. v. Riley, 219 Mo. l. c. 695, GRAVES, J., delivering the opinion of the court, says: "In this State a motion to vacate a judgment for error of fact, and not for patent error of record, supported by evidence *dehors* the record, takes the place of the common-law writ of error *coram nobis,* and is in the nature of an independent and direct attack upon the judgment in the court committing the error. A judgment upon such a motion is within itself a final judgment from which an appeal will lie.

"But even if there was a question as to this, *of which we think there is none,* yet the judgment of dismissal and for costs in the original proceeding was a final judgment, and the order overruling the motion to vacate such judgment was at least a 'special order after final judgment in the cause,' so as to permit an appeal under Revised Statutes 1899, Section 806." (Italics ours).

We hold that the action or order of the court on the motion to vacate the judgment, whether for irregularities on the face of or *dehors* the record, is the same, and in each case is a final judgment from which appeal or writ of error lies.

We therefore rule that the writ of error was sued out within the time required by the statute.

The result is, the judgment below is reversed and the cause remanded to the circuit court with directions to sustain plaintiff's said motion and enter judgment, *nunc pro tunc,* in this cause, as prayed. *Lindsay, C.,* concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.