

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 7, 1939

Hon. Charles T. Banister
Criminal District Attorney
Corsicana, Texas

Dear Sir:

<div style="margin-left:2em;">

Opinion No. O-297
Re: Sale of beer in dry Justice precinct
merged with a wet justice precinct

</div>

Your request for an opinion on the following question:

  "If the sale of beer is legal in one precinct and it merges with another which does not allow it to be sold, does the sale of beer become legal in both precincts, or the latter formed?"

has been received by this office.

  The amendment of Sec. 20, Article 16, of the Constitution, adopted August 24, 1935, reads as follows:

  "(c) In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option election held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter, or exchange in any such county, justice's precinct or incorporated town or city, any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters in such county or political subdivision thereof voting in an election held for such purpose shall determine such to be unlawful."

COPY

Hon. Charles T. Banister, February 7, 1939, Page 2

The cases, Ex Parte Pollard, 103 SW 879; Medford vs. State, 74 SW 768; Woods vs. State, 75 SW 37; Nelson vs. State, 74 SW 502; Ex Parte Fields, 86 SW 1022; Walling vs. King, 87 SW (2nd) 1074; and Coker vs. Kmeicik, 87 SW (2nd) 1076 hold in effect, notwithstanding the fact, the Commissioners' Court has the clear legal right after a local option election has been held in a justice precinct may add same to some other justice precinct within the county, but in so doing, said Commissioners' Court does not and cannot under the law in any way interfere with local option as adopted, and its action does not invalidate the local option election formerly held in said territory, but that it requires a vote of the people living within the original bounds of the justice's precinct which put local option into effect to nullify the same.

On May 1, 1936, Hon. Leon O. Moses, Assistant Attorney General, rendered an opinion holding that q justice precinct which is wet may not have its territory merged by the Commissioners' Court so as to take in dry territory and no permit can be issued within said territory.

This Department has repeatedly held and there are numerous decisions in support thereof that the merging of a dry justice precinct with a justice precinct in which the sale of beer or other liquor is legal does not, in any way, effect the status of the dry territory so merged or consolidated with the wet territory.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that where the sale of beer is legal in one precinct and it merges with another justice precinct which does not allow beer to be sold, the sale of beer does not become legal in the territory wherein the sale of beer or other liquors were prohibited by reason of being merged and consolidated with the wet territory.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY

Ardell Williams
Assistant

AW:AW

APPROVED
(signed) Gerald C. Mann