**ALLSTATE INSURANCE COMPANY, a Corporation, and Phillip Nelson, Appellants,**

v.

**Ralph H. WOEPKE and St. Louis Public Service Company, a Corporation, Respondents.**

**No. 32520.**

St. Louis Court of Appeals.

Missouri.

July 18, 1967.

Motion for Rehearing or to Transfer to Supreme Court Denied Sept. 5, 1967.

Application to Transfer Denied Nov. 13, 1967.

Roger M. Hibbits, Florissant, George T. Williams, Clayton, for appellants.

George A. Adolf, St. Louis, for respondents.

———◆———

DOERNER, Commissioner.

This case arose out of a collision between an automobile owned and driven by Phillip Nelson, and a motor bus of the St. Louis Public Service Company being operated by its employee, Ralph Woepke, which occurred in the City of St. Louis on July 30, 1962. The novel feature of the appeal is that opposing counsel are in sharp disagree-ment as to the party against whom the verdict and judgment were rendered.

That anomalous situation developed in this manner: Nelson first instituted suit in the Magistrate Court of St. Louis County on April 26, 1963, by filing a petition naming Woepke as the sole defendant, in which he sought a recovery for the damages to his car. Thereafter, on December 5, 1963, Nelson filed his first amended petition in which he joined St. Louis Public Service Company as a codefendant. On January 6, 1964, St. Louis Public Service Company filed its counterclaim against Nelson for the damages to its bus. Subsequently, on January 24, 1964, a second amended petition was filed in which Allstate Insurance Company joined with Nelson as a party plaintiff, alleging therein that it had issued a policy of collision insurance to Nelson, that pursuant thereto it had paid him for the damages to his car, and that it had become subrogated to Nelson's right of recovery against Woepke and St. Louis Public Service Company.

Matters thus stood when the case was tried to a jury in the Magistrate Court on January 24, 1964, resulting in a verdict and judgment in favor of Nelson and Allstate. Woepke and St. Louis Public Service Company thereupon appealed to the Circuit Court of St. Louis County. While the case was awaiting trial in that court Nelson, according to the transcript, dismissed his cause of action against both defendants on November 17, 1965. The legal effect of that dismissal was obviously misconstrued by counsel and resulted in the present controversy.

Thus, despite the fact that Nelson had dismissed his cause of action, Mr. Williams, Allstate's counsel, who had also represented Nelson, repeatedly referred to Nelson as, " * * * the plaintiff, Mr. Nelson * * " in his opening statement. But when the defendants called one Charles Caldwell to the stand to testify regarding the damages to the motor bus, Mr. Williams objected to any testimony regarding such property dam-

age in that, " * * * there is no counter-claim pending in this case before this court." To quote the lengthy colloquy which followed, out of the hearing of the jury, would unduly and unnecessarily extend this opinion. It is sufficient to say that Mr. Williams took the position that when Nelson dismissed his cause of action against Woepke and St. Louis Public Service Company he was thereby entirely eliminated as a party to the cause, and that since the bus company had never counterclaimed against Allstate it could not recover a judgment against that insurance company. Mr. Adolf, counsel for both defendants, stated that he had not seen the file and apparently at first was under the impression that the bus company's counterclaim was against both Nelson and Allstate. Upon learning that it was only against Nelson he first sought to file a counterclaim against Allstate. When permission to do so was not granted he then contended that St. Louis Public Service Company's counterclaim against Nelson could be prosecuted against Allstate because "Mr. Nelson testified he had a liability policy with them (Allstate) at the time of this accident" and because "Furthermore, the interrogatories show there was a proof of loss filed in which Mr. Nelson assigned all his rights in the case to the Allstate Company." After listening to the foregoing contentions the court concluded the conference at the bench by stating, "I am going to overrule it. (Mr. Williams' objection) I see the point now, but it is overruled." The witness then testified to the damages sustained by the bus.

At the conclusion of all of the evidence the following occurred:

"MR. WILLIAMS: I'd like to at this time, if the Court please; the Public Service at this time has not proved a cause of action for damages against the Allstate Insurance Company.

"MR. ADOLF: Judge, this originally came under the compulsory counter

claim situation as far as I was concerned, so I filed a counterclaim.

"MR. WILLIAMS: There is no compulsory counterclaim.

"THE COURT: I don't understand that part of it. I understand your point now in raising it but when it's trial de novo I don't know exactly where we are, so I am going to overrule it at that time. We have already heard it all.

"MR. WILLIAMS: It's a question of whether or not he can get an Instruction to show that they are careless and negligent, the Allstate Insurance Company itself.

"THE COURT: That is something we are going to have to argue on the Instructions, I guess."

Defendants then filed a motion for a directed verdict in their favor on the grounds that, "this plaintiff, Phillip Nelson, is not entitled to recover against these defendants," in which they repeatedly referred only to Nelson as "this plaintiff."

The confusion which obviously existed was increased, rather than diminished, by the instructions to the jury which followed. Thus in Instruction No. 2 given by the court (MAI 3.01), the jury was told that, " * * * The burden is upon plaintiff to cause you to believe the propositions necessary to support his claim against defendant. And, likewise, as to defendant's counterclaim for damages the burden is upon defendant to cause you to believe the propositions necessary to support his claim against plaintiff. * * *" Allstate submitted its cause of action by Instruction No. 4 (MAI 17.02) in which it referred to itself as "plaintiff" without, however, adding the phrase " * * * on plaintiff's claim for damages * * *" which must be used where a defendant has filed a counterclaim against the plaintiff. Defendants submitted their affirmative defense of contributory

negligence by Instruction No. 5 (MAI 28.01) which reads:

### "INSTRUCTION NO. 5

"Your verdict must be for the defendants on plaintiff Allstate Insurance Company's claim for damages whether or not defendants were negligent if you believe:

"First, plaintiff's insured either:
    failed to keep a careful lookout, or
    drove at an excessive speed, or
    violated the traffic signal; and

"Second, plaintiff's insured's conduct, in any one or more of the respects submitted in paragraph First, was negligent;

"Third, such negligence of plaintiff's insured directly caused or directly contributed to cause any damage plaintiff Allstate Insurance Company may have sustained.

MAI 28.01 offered by Defendants"

And defendant St. Louis Public Service Company submitted its counterclaim by Instruction No. 8, by which the jury was advised as follows:

### INSTRUCTION NO. 8

"Your verdict must be for the defendant St. Louis Public Service Company on its counterclaim for damages if you believe:

"First, plaintiff's insured either:
    failed to keep a careful lookout, or
    drove at an excessive speed, or
    violated the traffic signal; and

"Second, plaintiff's insured's conduct in any one or more of the respects submitted in paragraph First, was negligent; and

"Third, as a direct result of such negligence defendant St. Louis Public Service Company sustained damage,

    unless you believe defendant St. Louis Public Service Company is not entitled to recover by reason of Instruction No. 4."

Regarding the verdict which might be re-turned, by Instruction No. 11 the court directed, in part:

### "FORMS OF VERDICT

"If all of you agree upon a verdict for plaintiff, it may be in the following form:

" 'We, the jury, find the issues in favor of the plaintiff and assess plaintiff's damages as follows:

" 'For property damage $———— (here insert the amount or if none write the word "none").

———————— Foreman.'

"If all of you agree upon a verdict for defendant, it may be in the following form:

" 'We, the jury, find the issues in favor of the defendant on its counterclaim and assess defendant's damages as follows:

" 'For property damage $——— (here insert the amount or if none write the word "none").

————————Foreman.'

"If all of you agree that neither party should recover from the other, your verdict may be in the following form:

" 'We, the jury, find the issues in favor of the defendant on plaintiff's claim and in favor of the plaintiff on defendant's counterclaim.

————————Foreman.'

"If less than twelve jurors return a verdict for either party in this cause, you should begin your verdict with the words:

" 'We, the undersigned jurors, find,' etc., instead of 'We, the jury, find,' etc.' "

Nowhere in the closing argument of opposing counsel, which we have carefully reviewed, was the jury ever told that the counterclaim of St. Louis Public Service Company was against Nelson, and not Allstate. The closest approach was at the

conclusion of Mr. Adolf's argument when he asked the jury to, "* * * bring in a verdict for the St. Louis Public Service Company and Mr. Woepke on the Allstate Insurance Company and that you also bring in a verdict of $282.09 for the St. Louis Public Service Company because of the bus damage."

The jury adopted the last form of verdict submitted to it by Instruction No. 11 and returned a verdict reading:

"'We, the jury, find the issues in favor of the defendant on its counter-claim and assess defendant's damages as follows:

For property damage $282.09.

Foreman, Vincent H. Scully, Sr.'"

The judgment entered pursuant to the foregoing verdict was not included in the transcript filed in this court, but a certified copy was obtained by us from the clerk of the Circuit Court as authorized by Civil Rule 82.12(c), V.A.M.R. The pertinent part is as follows:

"* * * Trial of this cause is resumed and being concluded the jurors aforesaid, upon their oath aforesaid, return into Court the following verdict. ALLSTATE INSURANCE COMPANY, Plaintiff vs. RALPH H. WEPKE and ST. LOUIS PUBLIC SERVICE COMPANY, Defendants, Cause #258343. VERDICT: 'We, the jury, find the issues in favor of the defendant on its counterclaim and assess defendant's damages as follows: For property damage $282.09.' Signed/Vincent H. Scully, Sr. Foreman.

"WHEREFORE, it is ordered and adjudged by the Court that defendants have and recover of said plaintiff on its counterclaim the sum of Two Hundred Eighty Two and 09/100 ($282.09) Dollars assessed by the jury as aforesaid, together with interest thereon from this date at the rate of six per centum per annum, and also the costs herein incurred."

Within the prescribed time "plaintiff" (unnamed) filed a motion titled "Motion for New Trial or in the Alternative Motion to Reopen the Judgment and Either Order a New Trial or Direct the Entry of Judgment for Plaintiff on Defendants' Counter-Claim." In brief, it was contended therein that no cause of action had been pleaded or proven against Allstate, and that no verdict against Nelson was authorized because he had been dismissed as a party prior to the time of trial in the Circuit Court. We note, however, that following the overruling of the foregoing motion a notice of appeal was filed which states that, "* * * Allstate Insurance Company and Phillip Nelson above-named, hereby appeal * * *."

However, despite the fact that the notice of appeal reads that the appeal was taken by Allstate and Nelson, counsel for appellant asserts in his brief that Nelson, "* * * was no longer a party due to his dismissal prior to trial, which was acquiesced in by defendant * * *." He also contends that the foregoing verdict and judgment was in fact rendered against Allstate, and that it is erroneous because St. Louis Public Service Company had never asserted a claim against Allstate, "* * * the only plaintiff in the cause." On the other hand, although counsel for respondents had maintained during the trial that the bus company's counterclaim could be prosecuted against Allstate after Nelson dismissed his cause of action, he now argues that Nelson's dismissal of his cause of action did not eliminate Nelson as a party to the cause, and that the verdict and judgment on St. Louis Public Service Company's counterclaim was in fact rendered against Nelson.

In asserting that Nelson eliminated himself as a party to the cause by dismissing his cause of action against the defendants appellant's counsel has obviously overlooked Civil Rule 67.06 which provides that, "No dismissal, voluntary or involuntary, of a plaintiff's action in which a counterclaim or cross-claim has been filed shall operate to dismiss or discontinue such counterclaim or cross-claim." Nelson, of course, had the right to dismiss his cause of action against Woepke and St. Louis Public Service Com-

pany, but such dismissal did not entirely eliminate him as a party to the cause or bar the bus company from pressing its counterclaim against him. Scott v. Rees, 300 Mo. 123, 253 S.W. 998; Lanyon v. Chesney, 209 Mo. 1, 106 S.W. 522; Atkinson v. Carter, 101 Mo.App. 477, 74 S.W. 502.

However, we think the conclusion is inescapable that the jury was misled as to the correct status of Nelson, and that in returning the verdict it did the jury acted under the impression that it was finding against Allstate on St. Louis Public Service Company's counterclaim. Its misconception in that regard is understandable, for if counsel during the trial labored under the misunderstanding that Nelson was no longer a party to the cause, as the record plainly shows, the jury could scarcely be expected to know better. Furthermore, the wording of the instructions, both those offered by the parties and those given by the court of its own volition, tended to mislead the jury as to the correct status of Nelson. The only party referred to therein by name as a plaintiff was Allstate, and the only mention of Nelson was as "plaintiff's insured." And according to the certified copy of the judgment furnished us by the circuit clerk, the style of the case in the verdict returned by the jury was, "Allstate Insurance Company, Plaintiff vs. Ralph H. Wepke (sic) and St. Louis Public Service Company, Defendants" which of itself indicates that Nelson was not regarded as a party to the cause. In short, the jury was never informed, either by the instructions, the forms of verdict given it, or even by counsel during argument, that Nelson was a party to the action and that the defendant bus company's counterclaim was being asserted only against him. It was only natural for the jury to erroneously conclude that the counterclaim was against Allstate.

■ This misconception regarding the identity of the party against whom the jury returned its verdict on the counterclaim extends to the judgment actually entered. As we have pointed out, the certified copy of the judgment furnished us by the Circuit Clerk shows Allstate Insurance Company as the only party plaintiff. And the judgment as entered reads that, " * * * defendants (sic) have and recover of said plaintiff * * *." Since Allstate is the only plaintiff named the "said plaintiff" against whom the judgment was rendered can only be Allstate. Citations are hardly necessary to support our ruling that a judgment erroneously rendered against one who was never sued cannot stand.

For the reasons stated the judgment is reversed and the cause remanded for a new trial.

PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment reversed and cause remanded for new trial.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.

OPINION ON MOTION FOR REHEARING

PER CURIAM:

■ For the first time defendants assert, in their motion for a rehearing, or, in the alternative, to transfer this cause to the Supreme Court, that the judgment was not final because no reference appeared therein to plaintiff Allstate's claim and that we were therefore without jurisdiction to entertain this appeal. The contentions now belatedly sought to be made did not escape our attention during our initial consideration of the appeal, although it was not necessary to discuss them in our opinion since they had not been raised in the defendants' brief. The facts are that the claim of plaintiff Allstate as subrogee of Nelson and the counterclaim of defendant St. Louis Public Service Company against Nelson were both based on primary negligence and were therefore contradictory and inconsistent. Jameson v. Fox, 364

Mo. 237, 260 S.W.2d 507, 58 A.L.R.2d 80; Rozen v. Grattan, Mo.App., 369 S.W.2d 882; Hoefel v. Hammel, Mo.App., 228 S.W. 2d 402. In such a situation only one party may prevail, and a judgment for one disposes of the claim of the other. And the rule is that where, as here, the determination of the issue on which the judgment is based is necessarily decisive of the whole case, the judgment will be regarded as final even though the inconsistent claim or counterclaim is not mentioned therein. Glick v. Glick, Mo., 372 S.W.2d 912; Rozen v. Grattan, supra; Capitol Stores, Inc. v. Storms-Green Construction Co., Mo. App., 346 S.W.2d 549; Staples v. Dent, Mo.App., 220 S.W.2d 791.

Defendants' motion for a rehearing, or, in the alternative, to transfer this cause to the Supreme Court, is overruled.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.