CITY OF OVERLAND,
Plaintiff-Respondent,

v.

John KEARNEY, Defendant-Appellant.

No. 39647.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 1979.

Milton W. Schaeffer, Clayton, for defendant-appellant.

J. Leonard Walther, Clyde C. Farris, Jr., Clayton, for plaintiff-respondent.

KELLY, Judge.

John Kearney, appellant was convicted in the Circuit Court of St. Louis County of

being in violation of §§ 4–38 and 4–39 of the Municipal Code of the City of Overland and fined $15.00 and costs. These ordinances make it a misdemeanor to maintain a kennel within the city without a license.[1] He has appealed.

Appellant was initially charged in the Municipal Court of the City of Overland with this ordinance violation and after conviction in the Municipal Court he took an appeal to the Circuit Court of St. Louis County pursuant to § 478.070(4) RSMo. 1969.

After this appeal was lodged in the Circuit Court, on June 14, 1977, he filed a motion to dismiss claiming that the ordinances were unconstitutional because (1) they violated the equal protection clause of the United States Constitution and Section 2, Article I of the Constitution of Missouri, 1945, and (2) they violated his right to due process of law because of their arbitrary and capricious classifications and deprived him of his property without just compensation.

On July 11, 1977, appellant filed a memorandum of law in support of his motion to dismiss and on July 18, 1977, the respondent City filed a memorandum of law in opposition.

On July 22, 1977, while appellant's motion to dismiss was still pending, the parties filed a "Stipulation of Facts" as follows:

### STIPULATION OF FACTS

Comes now the Plaintiff, the City of Overland, by its Prosecuting Attorney, and the Defendant, John Kearney, by his attorney, and stipulate and agree to the following facts in the above-styled cause of action:

1. That on December 28, 1976, the Defendant resided at 9806 Lullaby, Overland, Missouri, an area zoned for single family dwellings.

2. That on December 28, 1976, the Defendant has (sic) in his possession and control at the aforesaid address six dogs, all over the age of two months.

3. That on December 28, 1976, the Defendant was served with a complaint and summons ordering him to appear in the Municipal Court of the City of Overland and charging him with, among other things, having committed the offense of maintaining a kennel, in violation of Sections 4–38 through 4–39 of the Municipal Code of the City of Overland.

4. That the Defendant did not on December 28, 1976, have a license authorizing him to maintain a kennel.

5. That certified copies of the Sections of the Municipal Code of the City of Overland, Missouri, which the Defendant has been charged with violating are attached hereto and made a part of as though fully set out herein and marked as Exhibit No. 1, and certified copies of the penalty provisions of the Code are attached and marked as Exhibit No. 2. FILED: July 22, 1977.

On July 22, 1977, the Circuit Court entered the judgment from which appellant filed a timely notice of appeal.

■  Appellant does not question the sufficiency of the evidence to support the judgment of the trial court. He contends the trial court erred in not ruling on the validity of the ordinance as requested in his motion to dismiss. The trial court's entry of judgment was, in effect, a final disposition of his motion to dismiss. *Allstate Insurance Co. v. Woepke*, 419 S.W.2d 506, 511–512[2] (Mo.App.1967); *Capital Stores, Inc. v. Storms-Green Const. Co.*, 346 S.W.2d 549, 554–555[4] (Mo.App.1961).

---

1. Overland Code—DIVISION 2. KENNELS
Sec. 4–38. "Maintaining" defined.
The term "maintain a kennel" as used in this division shall mean owning, keeping or harboring at any time, whether at one or more locations in the city, of three (3) or more dogs or cats over the age of two (2) months. (Code 1961, § 6–44(a); Ord. No. 1287, § 1, 3–26–73)

Sec. 4–39. License required.
Any person who shall maintain a kennel within the city without a license duly issued therefor, as herein provided, shall be deemed guilty of a misdemeanor, and, upon conviction, be guilty of a violation of this Code. (Code 1961, § 6–44(e); Ord. No. 1287, § 1, 3–26–73)

Appellant failed to preserve for review any constitutional questions he attempted to present in his motion to dismiss because, so far as we can ascertain from the record on appeal, they were not raised at the earliest opportunity in the Municipal Court of Overland. *City of Florissant v. Eller Outdoor Advertising Company of St. Louis*, 522 S.W.2d 330, 331[1] (Mo.App.1975).

The other contentions of the appellant have been considered but they either fail to comply with the requirements of Rule 84.-04(d) or rely on evidence not before the trial court and dehors the transcript of the record on appeal.

Judgment affirmed.

STEPHAN, P. J., and STEWART, J., concur.