WILSON et al., Appellants, v. RUSSLER et al.

162 565
167 536

In Banc, May 21, 1901.

1. **Appellate Jurisdiction:** AMOUNT IN DISPUTE. In determining whether jurisdiction of an appeal is vested in the Supreme Court or the Courts of Appeals, the court will look into the record to ascertain the amount actually in dispute, and will not be governed by the prayers of the petition and answer alone.

2. ————: ————: COUNTER-CLAIM. The amount in dispute where there was a judgment for defendant on his counterclaim, and an ap-

Wilson v. Russler.

peal by the plaintiff, is such judgment, plus the amount of the notes sued on by plaintiff, including principal and interest up to the time suit was brought, less whatever credits plaintiff's testimony shows he should have allowed defendant on the notes and less the amount of any such notes abandoned by plaintiff at the trial.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Silver & Brown* for appellants.

The amount appealed from and in controversy on this appeal is the sum of $1,160, for which judgment was rendered against appellants in the trial court. If the judgment is affirmed it will be for said sum of $1,160; hence, that is really the amount involved in this appeal. That amount being less than $2,500, the Court of Appeals, and not the Supreme Court, has jurisdiction of the appeal. Reichenbach v. Ass'n, 112 Mo. 22; State ex rel. v. Lewis, 96 Mo. 146; Anchor Milling Co. v. Walsh, 97 Mo. 287.

*Edwards & Edwards* and *L. A. Schirmer* for respondents.

The court will find, on an examination, that this is a suit brought by plaintiff on three promissory notes, two for $500 each, the other for $160. The interest calculated on these three notes up to the time of rendering the verdict herein, added to the principal, amounts to $1,355.52. Add to this the amount of the judgment found for defendants on their counterclaim, $1,160, and the sum is $2,215. The amount in dispute is determined by the amount claimed by the plaintiffs, and the amount found by the jury in favor of the defendants on their counterclaim. State ex rel. v. Lewis, 96 Mo. 146;

Kerr v. Simmons, 82 Mo. 269; Anchor Milling Co. v. Walsh, 97 Mo. 287; May, Admr., v. The Mortgage Trust Co., 138 Mo. 447.

GANTT, J.—Plaintiffs brought suit against defendants on three promissory notes executed by defendants to plaintiffs. Two of the notes were for $500 each and the other for $160. The defendants pleaded a breach of the contract, in which the notes had their origin, and averred they were damaged $2,000, for which they ask judgment as a counterclaim. Defendants recovered judgment for $1,160, and plaintiffs appealed to the Kansas City Court of Appeals. That court ordered the cause transferred to this court because the notes and interest of plaintiff added to the counterclaim of defendant makes a sum in excess of twenty-five hundred dollars, the maximum jurisdiction of the Court of Appeals prior to the passage of the Act of March 20, 1901, increasing it to four thousand five hundred dollars.

It is now the settled law that in determining whether jurisdiction of an appeal is vested in this court or one of the courts of appeals, the court will look into the record and ascertain the sum actually in dispute, and will not be governed by the prayers of the petition and answer alone. [Anchor Milling Co. v. Walsh, 97 Mo. 287; State ex rel. Lingenfelder v. Lewis, 96 Mo. 148.]

Now, as plaintiffs are the appellants here, in so far as the counterclaim can govern, the amount of defendant's judgment on that, or eleven hundred and sixty dollars, if that alone were involved, would control. On their appeal from the judgment against them on their notes the amount of the notes and interest at the date of the appeal, less the conceded credits, will be the amount to be considered.

Both parties agree that, at the time, the principal and in-

terest of the three notes for which plaintiffs sued, amounted to $1,355.52. If we add $1,160 to $1,355.52, we have $2,515.52, an amount exceeding, at that time, the jurisdiction of the Kansas City Court of Appeals, but looking further into the record it will be seen that one of the plaintiffs testified that they received $229.50 on the fire loss, and this sum was to be allowed as a credit to defendant, and this court would not have permitted a judgment to stand for plaintiffs for the amount of the principal and interest on their notes without a credit for the $229.50.

It follows that the record discloses plaintiff's claim is less than the amount of their notes and interest in suit, or $1,126.02.

But this is not all. Looking further into the record we think the plaintiffs practically abandoned all claim on the $160 note in the third count of their petition, which amounted at the time of appeal to $197.30, and their claim was thereby reduced to $928.72, so that adding $1,160 to $928.72, we have only $2,088.72, an amount which brings it obviously within the jurisdiction of the Kansas City Court of Appeals. This cause was regularly assigned to Division Two of this court. That division was, however, confronted with the action of the Court in Banc of date June 7, 1898, by which the motion to remand the cause to the Kansas City Court of Appeals was denied. Upon a more minute examination of the record, that division was satisfied that the motion should have been sustained, and it has accordingly been transferred to the Court in Banc, and upon reconsideration by the Court in Banc, the cause, for the reasons above assigned, is directed to be remanded to the Kansas City Court of Appeals, for want of jurisdiction in this court to hear and determine the appeal. All concur.