CHARLES JAMESON and RAYMOND D. SILKEY, Respondent, v. WILLIAM M. FOX, Appellant, No. 43341—260 S. W. (2d) 507.

Division Two, September 14, 1953.

*Lincoln, Lincoln, Haseltine & Forehand, Harold T. Lincoln, Horace S. Haseltine* and *Edmund C. Forehand* for appellant.

238

*Farrington & Curtis, E. C. Curtis* and *Roy C. Miller* for respondents.

LEEDY, P. J.—Charles Jameson and Raymond D. Silkey brought this action as plaintiffs to recover damages occasioned by the alleged negligence of defendant Fox in so operating his passenger car as to cause it to collide with Jameson's milk truck which was being driven by his agent, Silkey. Jameson claimed $500 on account of damages to his truck, and Silkey $5000 for personal injuries. Fox filed an answer, and also a counterclaim (in two counts) by which he sought to recover $15,000 for the wrongful death of his wife and $5926.50 actual damages (plus $5000 punitive damages) for personal injuries and property loss, all allegedly sustained by him as a result of plaintiffs' negligence in the operation of the milk truck at the time and place in question. The collision occurred in Webster County about 10 A. M., on November 10, 1949, at the intersection of an east-west gravel road (on which Silkey was driving east) and a north-south black top road (on which Fox was driving north). Plaintiffs' claims were submitted under instructions hypothesizing negligence under the humanitarian doctrine and primary negligence in that defendant failed to exercise the highest degree of care in the operation of his motor vehicle—in particulars which are counterparts of those under which defendant's counterclaim was submitted. Both counts of defendant's counterclaim were submitted under a single instruction hypothesizing primary negligence on Silkey's part in having "failed to use the highest degree of care in that he failed, carelessly and negligently, to keep a vigilant and diligent lookout both laterally and ahead on said highway, or that he carelessly and negligently failed to keep said truck under proper control so that the same could be slowed down, turned or stopped as the occasion might require." Upon such submissions, the jury found separate verdicts for each plaintiff for $500, and also found for them and against defendant on the latter's counterclaim. Judgment was rendered accordingly, and defendant appealed to the Springfield Court of Appeals, where appellant subsequently filed a motion to transfer the appeal, alleging jurisdiction to be in this court "because of the amount involved in the counterclaim." The motion was sustained (without opinion), and it was adjudged that the cause "be transferred to the Supreme Court under authority of Davis et al. v. Hauschild, (Mo. Sup.) 243 S.W. 2d 956."

The jurisdictional statement does nothing more than state the mere conclusion that "the amount in dispute, exclusive of costs, exceeds the sum of $7500." The intent and purpose of S. Ct. rule 1.08 (a) (1) is that the record facts affecting jurisdiction shall be sufficiently developed to demonstrate the existence of the asserted jurisdiction. But in the absence of such a statement, we have searched the record and found the facts controlling the question to be as stated above, and from them we have reached the conclusion that the "amount in dispute"

does not exceed $7500. The amounts recovered by plaintiffs on their respective claims aggregate the sum of $1000, which figure (and not the amount demanded in the counterclaim) is the "amount in dispute" for the purpose of determining appellate jurisdiction under the facts of this particular case. This is not a case where plaintiffs' claims and defendant's counterclaim can coexist in law. Proof of one necessarily disproves the other, so that there can be no such eventuality as both recovering, or, on ▇▇▇ this appeal, affirming the judgment on plaintiffs' claims and reversing it as to defendant's counterclaim. And in this situation, we approve and adopt the reasoning of Judge Bennick in the analogous case of Hoefel v. Hammel, (Mo. App.) 228 S.W. 2d 402, 405.

There Hoefel sued Hammel for $10,801.26 damages for personal injuries sustained in an automobile collision. The defendant counterclaimed for $11,809. Finding and judgment went for defendant on plaintiff's cause of action, and for the defendant and against plaintiff on defendant's counterclaim in the sum of $5,000. Plaintiff filed a motion for new trial, it was sustained, and defendant appealed. In disposing of the jurisdictional question, the court said: "So here we have a situation where, if we view the record solely from the standpoint of the setting aside of defendant's verdict for $5,000 on his counterclaim, appellate jurisdiction is in this court, but where, if we view the order granting the new trial as having had the independent effect of also restoring plaintiff's cause of action to the status of a pending claim for $10,801.26, appellate jurisdiction would on that ground alone be in the Supreme Court. Indeed, if the two causes of action could exist independently so that there could be both a plaintiff's verdict on plaintiff's cause of action and a defendant's verdict on defendant's counterclaim, the amount now in dispute would comprise the amount sued for on plaintiff's cause of action plus the amount recovered by defendant on his counterclaim, and appellate jurisdiction would be all the more clearly in the Supreme Court. Wilson v. Russler, 162 Mo. 565, 63 S. W. 370.

"The solution of our problem lies in the fact that owing to the nature of this case a plaintiff's verdict on plaintiff's cause of action and a defendant's verdict on defendant's counterclaim could not exist together. By his cause of action plaintiff sought to impose complete responsibility for the collision upon defendant, while defendant, by his counterclaim, sought to impose complete responsibility for the collision upon plaintiff. In other words, the situation is one where defendant's counterclaim was not only a counterclaim in the sense that it asked for affirmative relief, but also where the facts upon which the counterclaim was based, if established, constituted a complete defense to plaintiff's cause of action. Bramblett v. Harlow, Mo. App., 75 S.W. 2d 626, 633. Upon the question of liability for the accident the proof of either cause of action would at the same time disprove the

other. In this situation the issues arising both on plaintiff's cause of action and on defendant's counterclaim were merged in and resolved by the verdict in defendant's favor on his counterclaim, and the only real question in dispute on this appeal is whether that verdict shall be reinstated. It follows that since such verdict is for $5,000, appellate jurisdiction is in this court." And so it is in the case at bar. The issues arising under both the petition and counterclaim have been merged in and resolved by the $1000 judgment of which defendant complains on this appeal, and the question is whether that judgment shall be affirmed or reversed. In either event, the sum demanded in the counterclaim does not represent the "amount in dispute," but on the contrary the latter is fixed by the amount of plaintiffs' judgment, to-wit, $1000.

The case of Davis v. Hauschild, supra, while properly decided on the facts there in judgment, is nevertheless not in point for this reason: There plaintiffs' claim and the defendants' counterclaim were of such a nature as to have independent existence, and hence came within the following general rule: "Where there is a judgment against defendant on plaintiff's cause of action and also against him on his counterclaim, the aggregate of the judgment and the counterclaim determines the jurisdiction of an appeal by defendant." 4 C.J.S., Appeal and Error, § 77, p. 167.

For the reasons noted, the cause is retransferred to the Springfield Court of Appeals. *Ellison, J.,* concurs; *Tipton, J.,* concurs in result.