Elizabeth DIXON, Administratrix of the Estate of Carol Schuermann, Deceased, Respondent,

v.

Oakley EDELEN, Respondent,

and

Harold Singer, Appellant.

No. 44912.

Supreme Court of Missouri,
Division No. 2.

April 9, 1957.

Douglas H. Jones, St. Louis; Chas. A. Lee, Jr., St. Louis, for appellant Harold Singer.

Lying, Mac Leod & Davidson and F. Daley Abels, St. Louis, for respondent Dixon.

Moser, Marsalek, Carpenter, Cleary & Carter, Lee M. Carter, St. Louis, Paul E. Fitzsimmons, Clayton, of counsel, for respondent Edelen.

LEEDY, Judge.

On October 3, 1954, Carol Schuermann was a passenger in Harold Singer's Plymouth convertible which he was driving and operating eastwardly on U. S. Highway 66 in St. Louis County when at or near the intersection of said highway and Yarnall

Road said Plymouth came into violent collision with a dump truck being operated westwardly on said highway by its owner, Oakley Edelen. Carol, by her guardian, brought suit against both drivers, Singer and Edelen, for $15,000 damages for personal injuries alleged to have been sustained by her in said collision as the result of the negligence and carelessness of each of said drivers. Before trial, Carol died, and the action was revived in the name of her administratrix, Elizabeth Dixon. Singer answered, and filed a cross-claim against his co-defendant Edelen for $45,000 personal injuries and $1000 property damage to his Plymouth convertible. Edelen filed answers to plaintiff's petition and Singer's cross-claim, and further filed a cross-claim against Singer for $10,000 personal injuries and $500 property damage to his dump truck.

Plaintiff's action for Carol's injuries was submitted as to both defendants on primary negligence—as to Singer in failing to keep a lookout ahead and laterally; and as to Edelen in failing to keep a lookout and to slacken speed and to swerve. Singer's cross-claim against Edelen was submitted on humanitarian negligence—in failing to stop, slacken speed or swerve after Edelen saw or should have seen Singer in a position of imminent peril. Edelen's cross-claim against Singer was submitted on primary negligence—in Singer suddenly turning and swerving to the left and directly into the pathway of Edelen's truck as the latter was approaching from the opposite direction.

The jury returned a verdict in favor of Carol's administratrix in the sum of $15,000 against Singer, and further found the issues in favor of defendant Edelen. On Singer's cross-claim against Edelen, the jury found in favor of Edelen; and on Edelen's cross-claim against Singer, the jury found in favor of Edelen and against Singer, and awarded damages to Edelen in the sum of $1,250. Judgments were entered accordingly. Singer appealed from the $15,000 judgment against him on plaintiff's action; from the $1,250 judgment against him in favor of Edelen on Edelen's cross-claim; and from the judgment against him and in favor of Edelen on his, Singer's cross-claim against Edelen. The administratrix gave notice of appeal from the judgment in favor of defendant Edelen in her action, but she has filed no brief as an appellant, but only as respondent in Singer's appeal, so her appeal passes out of the case, and will not be further noticed.

U. S. Highway 66 at or near the point of collision is a modern, four-lane, concrete highway, straight and practically level. It runs east and west and has two lanes on the south for eastbound traffic and two lanes on the north for westbound traffic, all of which lanes are marked, as is the center line of the highway. Yarnall Road, which is of blacktop construction, enters Highway 66 at about a 90-degree angle from the north. The intersection is level. Yarnall Road is about 30 feet in width with some flaring out at the mouth of the intersection. Yarnall Road is about two-tenths of a mile west of the Meramec River and there was an unobstructed view for 800 or 1000 feet in both directions from the scene of the collision. The weather was dry, and the sun still up.

According to the one disinterested eyewitness, Edward Haight, he was driving east in the outer or curb lane of Highway 66 and about two car lengths behind Singer when the latter suddenly swung out to make a left turn into Yarnall when he (Singer) was about 15 to 20 feet west of that road and traveling at around 30 m. p. h. At that time Edelen's truck, approaching from the opposite direction, was approximately even with the eastern edge of Yarnall Road and traveling at an estimated speed of 45–50 m. p. h. The witness saw no signal given by Singer of his intention to turn. The witness had not seen Edelen until "just a second before the accident," this being after Singer had started to make the left turn into Yarnall Road. As soon as the witness saw the Ed-

elen truck, Edelen was swerving to the right, and he swerved approximately a couple of feet to the right before the collision, and then his truck turned over and rolled off the highway. At the point of impact the front of Singer's car was at the western edge of Yarnall Road, and 5 or 6 feet south of the north edge of Highway 66 and 2 or 3 feet into the curb lane for westbound traffic.

According to Edelen's testimony, his truck was about 200 feet east of Yarnall Road when he first saw Singer, who was then traveling eastwardly in the inner eastbound traffic lane, and at that time Singer was 300 feet west of Yarnall Road, but he had not yet begun to turn; that Singer was from 100 to 150 feet west of Yarnall Road and traveling 50 or 60 m. p. h., when he began to cut across the highway, at which time Edelen was about 100 feet east of Yarnall Road and traveling at about 45 m. p. h.; that he watched him as he made the turn, but Singer gave no signal, either by hand or light, prior to the turn; that as soon as he saw Singer cut across the center line, he "hit his brakes," but couldn't decide which way to swerve because of the approaching Haight car; that he burned up 20 feet of rubber on the highway and swerved 3 feet to the right, reducing his speed to 35 m. p. h., and by that time Singer was already on him; that the collision occurred right in the middle of Yarnall Road, and Singer's car still had about 5 feet to go to get the front of it to the north edge of the highway; that the left front of the truck came in contact with the right front of the Plymouth.

It was Singer's version that when he was 200 or 300 feet west of Yarnall Road, he first saw the Edelen truck, and it was then at the end of the Meramec River bridge, traveling in the outside or curb lane for westbound traffic; that when he was about 200 feet west of Yarnall Road he stuck out his hand and signalled his intention to make a left turn; that Edelen's truck was then 300 or 400 feet away; that he (Singer) decreased his speed from 30 to 35 down to 20 or 25 m. p. h.; that the front end of his car started to nose into Yarnall Road when the Edelen truck struck him, and the actual impact took place near the center of Yarnall Road and a little over the north edge of Highway 66; that he did not know how fast Edelen's car was traveling, and remembered nothing further until he found himself in St. Luke's Hospital. However, his deposition had been taken and from it the following excerpts were offered and received in evidence as an admission: "Q. Did you at any time observe or see that truck before the collision? A. Only a brief second before. I had a flash of green go over my face. I don't know what it was. It was a flash. Just flashed in front of my eyes."

Singer's principal complaint is directed against the verdict and finding in favor of Edelen on his, Singer's cross-claim, the argument under the first two points of his brief being that there was no substantial evidence to support such verdict and finding. We need not develop the matter at length. It is sufficient to say that such a verdict is not required to have evidentiary support, but rests upon a finding by the jury against the party having the burden of proof. Cluck v. Abe, 328 Mo. 81, 84, 86, 40 S.W.2d 558, 559, is a leading case on this question, and it was there said: "Plaintiff's first contention is that the verdict in defendant's favor is not supported by substantial evidence. The sufficiency of the evidence to support the verdict in defendant's favor is not an open question in this court; therefore we need not concern ourselves about what the evidence showed in that regard. The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that

it must believe the witnesses. * * * The only claim made respecting such evidence is that it was not sufficiently substantial to support the verdict in defendant's favor. Whether or not the verdict was against the weight of the evidence was a proper question for the trial court, but, for reasons heretofore stated, this court has no authority to determine it." Connole v. East St. L. & S. R. Co., 340 Mo. 690, 102 S.W.2d 581; Giles v. Moundridge Milling Co., 351 Mo. 568, 173 S.W.2d 745; Wiener v. Mutual Life Ins. Co., 352 Mo. 673, 680, 179 S.W.2d 39, 43; Nichols v. Bresnahan, 357 Mo. 1126, 1130, 212 S.W.2d 570, 572.

If, perchance, we have misconceived Singer's point with respect to the insufficiency of the evidence, and he does intend that it shall be extended and applied to both plaintiff's judgment and that in favor of Edelen on the latter's cross-claim, the facts above enumerated conclusively demonstrate the untenability of the proposition he urges. Moreover, the trial court overruled his motion for new trial which contained the assignment that the verdict was against the weight of the evidence.

■ Singer's next point is that the court erred in denying his motion for a directed verdict against Carol's administratrix. This point is founded on the fact that the petition of the administratrix had alleged general negligence against Singer and specific negligence against Edelen, and it is the contention that inasmuch as it appears, without contradiction, that Carol was riding as a guest in Singer's car, his motion for a directed verdict should have been sustained for the reason that "the res ipsa doctrine is not available to a guest in an automobile suing her host and another." We examine into the point only far enough to say that Singer did not attack the petition on any such ground, nor was plaintiff's case submitted to the jury under the res ipsa doctrine. On the contrary, plaintiff's instructions submitting the hypothesis of Singer's liability were bottomed on, and limited to specific negligence on his part, and the proof having warranted such in-

structions, it would have been error to have directed a verdict on the ground now urged.

■ Under the assignment that the instructions "were so numerous, conflicting, confusing and contradictory that the jury could not understand same," appellant first attacks Instruction III (given at the request of Edelen) as destroying his, Singer's right to recover under the humanitarian doctrine. The instruction has reference solely and entirely to the action of Carol's administratrix against Edelen, and not to the respective cross-claims of Singer and Edelen, or either of them. It is nothing more or less than the converse of the verdict-directing instruction of the administratrix which submitted the facts necessary to a verdict in favor of the administratrix and against Edelen as a defendant. Instruction III denied recovery to the administratrix as against Edelen in the event the jury found the facts to be as hypothesized in said converse instruction. It did not purport to relieve Edelen from liability to Singer under the humanitarian doctrine or otherwise.

■ Instruction IV was Edelen's verdict-directing instruction on his cross-claim against Singer. It commences with this clear direction: "With reference to the cross-claim of Oakley Edelen against Harold Singer, the court instructs you," etc., and conditions a verdict for Edelen on his said cross-claim upon finding the facts therein submitted, which were as shown by Edelen's evidence. Singer complains that the following portion constitutes an instruction on contributory negligence, which destroys his instruction on humanitarian negligence: "and if you find that when he made his left turn * * * that by reason of the movement of the two vehicles and the distance separating them a collision was very likely to occur * * * and if you find that the said Harold Singer * * should have realized this but that he nevertheless did turn his car to the left and onto the north side of the highway and came into collision with the westbound mo-

**474**

tor truck if you find and that in so operating his automobile the said Harold Singer was negligent and that such negligence, if any, directly caused the collision," etc.

In making the contention mentioned above, Singer overlooks, or at least he fails to give any meaning or effect to, the words we have italicized in the immediately following and concluding portion of said instruction, viz.: "and if you further find that on said occasion Oakley Edelen was exercising the highest degree of care in the operation of his motor truck *and was not guilty of any negligence as submitted in other instructions,* then your verdict on the *cross-claim* of Oakley Edelen against Harold Singer will be in favor of said Oakley Edelen and against Harold Singer." Edelen was entitled to a submission of his theory of recovery against Singer in accordance with the facts as developed by his evidence, and this the instruction does, but it also properly requires the further finding that Edelen "was not guilty of any negligence as submitted in other intructions." We think this phrase constituted a sufficient negativing of humanitarian negligence on Edelen's part to save the instruction from conflicting with Singer's instruction V. We find nothing to the contrary in Wabash Railroad v. Dannen Mills, K.C.Ct. of Appeals, 279 S.W.2d 50 (affirmed on the question here involved in 288 S.W.2d 926), or Johnson v. Cox, Mo., 262 S.W.2d 13. In the former, the phrase in question, or any equivalent, was wholly omitted. In the latter, a sole cause instruction was held prejudicially erroneous for failure to hypothesize facts from which the jury could find the deceased's negligence was the sole proximate cause of the collision. It is true that the italicized phrase was there employed, but it was not because of its presence that the conflict arose, but rather for the reason just mentioned.

Instruction VI, of which Singer also complains, is merely a converse of Singer's instruction V, and we find nothing in it, nor has anything been pointed to, which would require any other or different interpretation of it.

Upon a careful examination of each of the nineteen instructions given (seventeen of them were requested by the various parties), it appears that the separate issues involved in these several actions were submitted in an exceedingly plain and clear manner, and in such a way that the jury should have had, and doubtless did have, no difficulty in applying the instructions to the different issues. The judgments should be, and they are, affirmed.

All concur.