Arline Marie WILSON, Appellant,

v.

Amos Henry TONSING, Respondent.

No. 48931.

Supreme Court of Missouri,

Division No. 2.

Jan. 13, 1964.

Motion for Rehearing or for Transfer to Court En Banc Denied Feb. 10, 1964.

James R. Anderson, Clayton, for appellant.

Evans & Dixon, John C. Shepherd and Paul V. Gilbert, St. Louis, for respondent.

BARRETT, Commissioner.

On November 22, 1958, Arline Marie Wilson, driving a 1958 Nash Metropolitan automobile east on Gravois, was involved in a collision with a 1949 Austin automobile driven north on River Des Peres Drive by Amos H. Tonsing. To recover $15,000 damages for her personal injuries and $745 (the agreed damage to her automobile) for personal property loss Mrs. Wilson instituted this suit against Mr. Tonsing. In addition to his answer to her suit Mr. Tonsing filed a counterclaim against Mrs. Wilson in which he sought to recover $164.-50 damages for the injury to his Austin automobile. Upon the trial of the cause a jury found against Mrs. Wilson on her cause of action and in favor of Tonsing on his counterclaim and awarded him $164.-50. Tonsing filed no after-trial motions, the trial court overruled Mrs. Wilson's motion for a new trial and she has appealed to this court. Mrs. Wilson makes and has briefed two assignments of error; first,

that the court erred in giving instruction 4 which hypothesized his recovery on the counterclaim, and, second, that the court erred in admitting the defendant's testimony that with his brakes and wheels locked it would have been almost impossible for him to have swerved his automobile.

In this posture, since it is necessary that Mrs. Wilson be granted a new trial as to the respondent's $164.50 counterclaim before she is again entitled to try and submit her $15,745 claim, the question of this court's appellate jurisdiction was suggested to the parties on oral argument. Specifically, the problem is whether "the amount in dispute" (Const.Mo., Art. 5, Sec. 3, V.A.M.S.) upon this appeal is a sum in excess of $15,000. V.A.M.S.Supp., § 477.-040. It is not as if both parties had appealed, thus directly bringing "in dispute" the entire cause, both the plaintiff's claim and the defendant's counterclaim. Schmidt v. Morival Farms, (Mo.) 240 S.W.2d 952. Also the case is not as if the trial court had sustained the plaintiff's motion for a new trial, thereby reinstating her claim. Harris v. Rowden, (Mo.) 305 S.W.2d 25. Neither is it an instance in which on the defendant's appeal his counterclaim may be disregarded. Nickels v. Borgmeyer, (Mo.) 256 S.W.2d 560. There is also the difference in this case and Anthony v. Morrow, (Mo.App.) 306 S.W.2d 581, 583, that here the plaintiff in her notice has specifically appealed as the person aggrieved by the "verdict and judgment in favor of defendant and against plaintiff on plaintiff's cause of action and in favor of defendant and against plaintiff on defendant's counterclaim." Furthermore in his brief here the respondent Tonsing makes and urges the assignment that Mrs. Wilson failed to make a case under the humanitarian doctrine—the only ground upon which her cause was submitted—"consequently, any error in instruction or evidence would be immaterial." And of course, with the issues on appeal in this posture, the question of whether plaintiff made a submissible case is basic, "inherent in every case," and is always an open ques-

tion when raised by the defendant on the plaintiff's appeal. Lilly v. Boswell, 362 Mo. 444, 454, 242 S.W.2d 73, 77; Hart v. Midkiff, (Mo.) 321 S.W.2d 500, 505; Carter v. Matthey Laundry & Dry Cleaning Co., (Mo.) 350 S.W.2d 786, 792. Thus there has been challenged and brought into the appeal, in addition to the defendant-respondent's counterclaim of $164.50, the plaintiff's claim for $15,745 and the claims thus aggregated and necessary to be considered in disposition of this appeal involve an amount within this court's appellate jurisdiction. Annotation 58 A.L.R.2d 84, 91; Albers Milling Co. v. Carney, (Mo. App.) 335 S.W.2d 207. In essence, in so far as the jurisdictional problem is concerned, this case is governed in principle by the recent en banc decision of Endermuehle v. Smith, (Mo.) 372 S.W.2d 464 and as a matter of fact accounts for this the second reassignment of this cause. Appositely and in summary the court there said:

"The 'monetary' effect of the judgment appealed from was to deny plaintiff, appellant herein, the relief she had sought, that is, a judgment in money amount $22,550 in her favor and against defendant *and* to grant defendant, respondent herein, the relief she had sought, that is, a judgment in money amount $100 in her favor and against plaintiff. Although in this case and in other cases of like nature, only one or the other, a plaintiff or a defendant, can ever recover (Hoefel v. Hammel, Mo.App., 228 S.W.2d 402; Jameson v. Fox, 364 Mo. 237, 260 S.W.2d 507; Willibald Schaefer Co. v. Blanton Co., Mo.App., 264 S.W.2d 920; Hamilton Fire Ins. Co. v. Cervantes, Mo.App., 278 S.W.2d 20; Smith v. Rodick, Mo.App., 286 S.W.2d 73; Stonefield v. Flynn, Mo.App., 347 S.W.2d 472), nevertheless, in this case it is seen that, actually, the money amounts of the appellate-jurisdictional decisive 'deny *and* grant' monetary impact upon appellant of the appealed-from judgment in defendant-respondent's favor and against plaintiff-appellant are in aggregate amount $22,650."

■ Mrs. Wilson's right to recover was submitted upon the hypothesis of the humanitarian doctrine: that as she drove eastwardly on Gravois and its intersection with River Des Peres she came into a position of peril of which Tonsing, as he proceeded north on River Des Peres, was or should have become aware and that thereafter, in the highest degree of care and with safety to himself, could or should "have turned or swerved his automobile" and thereby have avoided colliding with plaintiff. Also in this instruction the jury was informed that plaintiff could recover upon the hypothesis of this instruction even though "Arline Marie Wilson was guilty of negligence which directly contributed to cause her injuries." Tonsing's evidence tended to show that as he approached Gravois and was about "six cars back" the stop sign was red and so he slowed down to a speed of 5 or 10 miles an hour. As he approached the intersection the light changed to green and he proceeded on at an increased speed of about 20 miles an hour. According to him the automobiles in the traffic lane to his left also started forward and after he had traveled about 4 feet beyond the curbline the plaintiff's automobile suddenly and without warning came through a red light into the intersection ahead of his car and despite the application of his brakes his Austin "slid 14 feet" to a stop but into the side of Mrs. Wilson's automobile. Upon the evidence favorable to him Tonsing submitted his right to recover on his counterclaim against Mrs. Wilson upon the primary negligence hypothesis that as he proceeded northward into the intersection the stop light was green and "that plaintiff proceeded into said intersection at a time when the light controlling eastbound traffic for Gravois Avenue was red." Furthermore the jury was instructed, if it found these facts, that "you are entitled to return a verdict in favor of defendant Tonsing on his counterclaim and award him damages, not to exceed the sum of $164.50."

In submitting the defendant's counterclaim instruction 4 does not mention or refer in any manner to instruction 1 and the humanitarian hypothesis upon which recovery is permitted plaintiff. Not only is instruction 1 not mentioned, instruction 4 does not negative its applicability, "and (defendant) was not guilty of any negligence as submitted in other instructions." Dixon v. Edelen, (Mo.) 300 S.W.2d 469, 474. It may be that the mere failure to mention the plaintiff's main instruction and its hypothesis of the humanitarian doctrine is not the sole test of the correctness and validity of a defendant's counterclaim instruction, but that was not the problem in Banks v. Koogler, (Mo.) 291 S.W.2d 883. In that case the humanitarian instruction covered the subject, there the humanitarian instruction told the jury that recovery could be had upon its hypothesis "even if it found that defendant was negligent in any of the respects submitted in plaintiff's instructions on primary negligence." Therefore, reading the instructions together, the jury in that case was informed that it was not authorized to consider contributory negligence as a defense to the humanitarian submission and there was then no conflict or misdirection in the instructions. Slaughter v. Myers, (Mo.) 335 S.W.2d 50, 55. But that is not the situation with respect to these instructions, the parties and theories were transposed or reversed, otherwise this case is governed by Mott v. Chicago, R. I. & P. Ry. Co., (Mo.App.) 79 S.W.2d 1057, 1062, and Wabash Railroad Co. v. Dannen Mills, Inc., 365 Mo. 827, 830. 288 S.W.2d 926, 927:

"By authorizing plaintiff's recovery on defendants' primary negligence and ignoring the humanitarian submission in instructions A and B as to which antecedent primary negligence was not a defense, instruction 1 was in direct conflict with instructions A and B and was prejudicial error for the reasons stated in the opinion of the Court of Appeals."

There was a verdict in favor of the counterclaim in this case (compare Hangge v. Umbright, (Mo.) 119 S.W.2d 382, 383), and therefore the error was manifestly prejudicial and requires that the cause be reversed and remanded unless, as the defendant claims, the plaintiff failed to make a submissible humanitarian case.

■ As to the plaintiff's cause of action, the defendant urges that "there was no evidence as to defendant's ability to swerve" and therefore it is said that there was no basis for her humanitarian submission. Admittedly no one affirmatively testified that the defendant could have swerved and of course if his ability to swerve and thus avoid the collision is not a fair and reasonable inference in all the circumstances the plaintiff has failed to make a submissible humanitarian case. Findley v. Asher, (Mo.) 334 S.W.2d 70; Shaw v. Griffith, (Mo.App.) 291 S.W.2d 230, 235; Lowry v. Mohn, (Mo.) 195 S.W.2d 652. These, in brief, are some of the essential circumstances favorable to plaintiff: Mr. Tonsing once said that when he first saw Mrs. Wilson's automobile it was approximately at the curbline of Des Peres traveling at a speed of about 30 miles an hour (she said 25) and he was then 15 to 18 feet from the intersection, and entering the intersection increased the speed of his Austin to "approximately twenty miles an hour." Admittedly, Mr. Tonsing made no attempt to turn the steering wheel of his automobile prior to the impact, both vehicles traveled in a straight line until they collided. He says, instead of attempting to swerve, that he applied his brakes and "slid to a stop" in fourteen feet and "At the time of the collision the best I can recall my car just had stopped. She went past in front of me." The "grill, the front and part of the hood" of the defendant's automobile collided with the right side of the plaintiff's Nash "towards the rear of the door" (a two-door vehicle). Mrs. Wilson says that she proceeded through the intersection as the traffic signal turned to amber and was "almost across" when the vehicles collided.

It is not necessary to set forth all the distances and speeds and note possible mathematical calculations, it is sufficient to say that if the defendant could stop his automobile in these circumstances reasonable minds might well differ as to whether by the same token he could have swerved his Austin and thereby have avoided colliding with Mrs. Wilson's Nash. The case involved a pedestrian but as the court said in Payne v. Reed, 332 Mo. 343, 351–352, 59 S.W.2d 43, 46, "The defendant could have stopped his car in 5 to 10 feet (at a speed of 10 miles an hour) and checked its speed or changed its course in less space than that." It is not a question, as the defendant argues, of whether this court can "take judicial notice that from the time plaintiff entered a position of peril, the defendant, going at a speed of 20 miles an hour, had the ability to swerve his automobile * * * so as to have avoided the collision," the problem is one of permissible inferences from circumstantial if not direct evidence. Payne v. Reed, supra. The circumstances and permissible inferences in this case are not comparable to the speed of 80 to 90 miles an hour in Shaw v. Griffith, supra, or finally to the distance of 16½ feet left to the defendant in Findley v. Asher, supra. As stated, Tonsing was 15 to 18 feet from the intersection when he first saw Mrs. Wilson, it was 32½ feet from the south curbline of Gravois to the point of collision and these two figures alone at a maximum attained speed of 20 miles an hour allow a distance of 45 to 50 feet in which to swerve (normally, at 20 miles an hour on level pavement an automobile can be stopped in 40 to 43 feet, 9C Blashfield, Automobiles, Sec. 6237, p. 413).

For the reasons indicated, the judgment is reversed and the cause remanded.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

LEEDY, J., concurs in separate concurring opinion.

STORCKMAN, P. J., and EAGER, J., concur.

LEEDY, Judge (concurring).

My views on the question of this court's jurisdiction are expressed in the dissenting opinion in Endermuehle v. Smith, Mo., 372 S.W.2d 464, decided by the court en banc on November 11, 1963, the principle of which case is applied here, and correctly so if banc did, in fact, in the Endermuehle case overrule the very considerable authority to the contrary. My brethren are of that opinion to which I bow. I therefore concur in the principal opinion.