**Marjorie O'NEILL, Plaintiff-Respondent,**

v.

**Carolyn Mae BOEVINGLOH, Defendant-Appellant.**

**No. 32005.**

St. Louis Court of Appeals.

Missouri.

March 15, 1966.

Ralph C. Kleinschmidt, Evans & Dixon, D. Clinton Almond, St. Louis, for appellant.

John J. Shanahan, Crowe, Schneider, Shanahan & Lebowitz, Francis X. Cleary, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is an action for damages arising out of personal injuries suffered by the plaintiff when the automobile which she was driving was struck by an automobile driven by the defendant. The defendant counterclaimed for damages arising out of personal injuries that she sustained. The trial resulted in a verdict for the defendant on the plaintiff's petition, and for the plaintiff on the defendant's counterclaim. Only the plaintiff filed a motion for a new trial. The trial court sustained the plaintiff's motion, and the defendant appealed.

The occurrence out of which the action arose took place on Page Boulevard in St. Louis County. There is a shopping center

on the south side of Page Boulevard known as The Town and Country Mall. The entrance to the shopping center is on Page Boulevard about a block east of Woodson Road. Directly opposite from the shopping center entrance and intersecting Page Boulevard from the north is Hurstgreen Avenue where the plaintiff lived. She was going home from the shopping center and to do so she drove her car up the entrance driveway to Page Boulevard. She intended to go directly across Page and into Hurstgreen Avenue. Where the shopping center driveway enters Page there are two lanes on Page for eastbound traffic. After the plaintiff's car had crossed the first lane and entered the second, it was struck in the side by the defendant's car which was traveling eastwardly on Page Boulevard.

We limit our statement of facts to those set out above as there is no contention that the plaintiff failed to make a submissible case, nor is there any dispute about the defendant's case being properly submissible to the jury.

The plaintiff submitted her case on the humanitarian rule. The verdict directing instruction for the plaintiff required a finding that the defendant could have stopped or slackened the speed of her automobile, after plaintiff's discoverable peril, in time to have avoided the collision. The instruction contains the findings required in such instructions. The defendant submitted her counterclaim on the plaintiff's negligent failure to keep a lookout laterally to the left for the approaching eastbound vehicle of the defendant.

As stated, the jury found against both the plaintiff on her petition and the defendant on her counterclaim. Only the plaintiff filed a motion for a new trial and the sole charge made as a basis for her motion was that the court erred in giving the verdict directing instruction on the defendant's counterclaim. That instruction offered by the defendant and given by the court is as follows:

"INSTRUCTION NO. 7 The Court instructs the jury that under the law of the State of Missouri the driver of an automobile on public streets and highways is required at all times to exercise the highest degree of care in keeping and maintaining an adequate lookout ahead and laterally for the approach of other vehicles.

"Therefore, if you find and believe from the evidence that the plaintiff, Marjorie O'Neill, operated her automobile northwardly onto and across Page Boulevard from the private exit road of Town and Mall Shopping Center, and that in so doing she failed to keep and maintain an adequate lookout laterally to her left for the approaching eastbound vehicle of defendant and that in so failing to keep and maintain an adequate lookout to her left the plaintiff failed to exercise the highest degree of care and was negligent, and if you further find that such negligence on plaintiff's part directly caused the collision mentioned in evidence and defendant's injuries and damages, if any, and if you further find that the defendant, Carolyn Mae Boevingloh, at all times exercised the highest degree of care in the operation of her automobile, then your verdict shall be for defendant Carolyn Boevingloh on her counterclaim against the plaintiff."

There was also given at the request of the defendant an instruction designated as Number 1 which stated:

"The Court instructs the jury that the term 'negligence,' as used in these instructions, means a failure to exercise the highest degree of care.

"You are further instructed that the term 'highest degree of care,' as used in these instructions, means such care as a very careful and prudent person would use under the same or similar circumstances as those shown to you in the evidence."

The plaintiff contended in her motion for a new trial that the court erred in giving the quoted instruction on the counterclaim for several reasons. The court sustained the motion on the grounds stated in 1(a), which is as follows:

"That the first paragraph of said instruction constitutes an abstract declaration of law and when read with Instruction No. 1 offered by defendant, authorizes negligence on the part of plaintiff to be considered as a defense to plaintiff's submission of humanitarian negligence."

The appellant asserts that the court erred in granting the new trial and that the instruction was not prejudicially erroneous. It is contended that although the first paragraph of the instruction is an abstract statement of law it is followed by sufficiently hypothesized facts which the jury was required to find. We are cited to Christman v. Reichholdt, Mo.App., 150 S.W.2d 527, l. c. 532, wherein we state:

"It is, of course, true that it is improper to give an instruction announcing a rule of law, however correct it may be, unless it is connected with the issues involved. The basis of such rule is that an instruction of that character broadens the issues and distracts the minds of the jury from the real question submitted to them for determination and thereby misleads them. But it is also well-established law in this state that an abstract statement of law in an instruction will not form the basis for a reversal of a judgment, when it is accompanied with a further call for a finding by the jury of all the facts required by law to justify a verdict."

In that case, however, we were dealing with a simple submission of the defendant negligently bringing his automobile to a sudden stop on the traveled portion of the highway. And as we stated, the abstract statement of law could not have been prejudicial when followed by the facts that the jury was required to find.

However, there arises a complexity in cases where there is a submission of humanitarian negligence by one of the parties and a submission of primary negligence by the other. The abstract law of primary negligence relates to acts or omissions that brought about a perilous situation which resulted in the accident. Humanitarian negligence relates solely to acts or omissions, of the party sought to be charged, that occurred after the peril arose and eliminates from the consideration of the jury the negligence of the party seeking relief under the humanitarian doctrine.

■ The question that confronts us is whether or not the instruction given would tend to confuse or mislead the jury. Hall v. Clark, Mo., 298 S.W.2d 344. In determining this the charge to the jury is to be considered as a whole and the instructions are construed together. 27 Mo.Dig., Trial, ☞295(1). Part of an instruction should not be evaluated after it is isolated from the context. Banks v. Koogler, Mo., 291 S.W.2d 883. The use of such an abstract statement of law in Carney v. Stuart, Mo., 331 S.W.2d 558, was held erroneous when employed as a part of a sole cause instruction given on behalf of the defendant in a humanitarian case. It was held to be a confusing element which made the instruction misleading. Again in Endermuehle v. Smith, Mo., 372 S.W.2d 464, it was held that an abstract instruction on primary negligence should not have been given where, as here, the defendant submitted a counterclaim on primary negligence in a case where the plaintiff sought recovery under the humanitarian doctrine. It should be noted that in the case last cited above, the instruction was not a part of the defendant's verdict directing instruction which followed. See also Anderson v. Prugh, 364 Mo. 557, 264 S.W.2d 358.

■ The ultimate test whether or not the abstraction used is prejudicially erroneous, comes down to the effect of it when read in the light of the whole charge. The instruction here under consideration concludes with the requirement that the " * *

defendant, Carolyn Mae Boevingloh, at all times exercised the highest degree of care in the operation of her automobile * * *." There is no mention made of the negligence charged in the humanitarian instruction given. The defendant, relying on Banks v. Koogler, Mo., 291 S.W.2d 883, supra, maintains that the failure to mention humanitarian negligence in her instruction was cured by plaintiff's verdict directing instruction. In the Banks case the defendant's submission was on humanitarian negligence. The difference between the situation here and that considered in the Banks case is that in the Banks case the defendant's instruction on humanitarian negligence stated that the defendant could recover even if the jury found that the defendant was negligent in any of the respects submitted in the plaintiff's instruction on primary negligence. While in the case before us the plaintiff's verdict directing instruction contained no such phrase.

■ In Wilson v. Tonsing, Mo., 375 S.W.2d 140, 1. c. 143, the Missouri Supreme Court had the same thing under consideration and they made the following statement:

"In submitting the defendant's counterclaim instruction 4 does not mention or refer in any manner to instruction 1 and the humanitarian hypothesis upon which recovery is permitted plaintiff. Not only is instruction 1 not mentioned, instruction 4 does not negative its applicability, 'and (defendant) was not guilty of any negligence as submitted in other instructions.' Dixon v. Edelen, (Mo.) 300 S.W.2d 469, 474. It may be that the mere failure to mention the plaintiff's main instruction and its hypothesis of the humanitarian doctrine is not the sole test of the correctness and validity of a defendant's counterclaim instruction, but that was not the problem in Banks v. Koogler, (Mo.) 291 S.W.2d 883. In that case the humanitarian instruction covered the subject, there the humanitarian instruction told the jury that recovery could be had upon its hypothesis 'even if it found that defendant was negligent in any of the respects submitted in plaintiff's instructions on primary negligence.' Therefore, reading the instructions together, the jury in that case was informed that it was not authorized to consider contributory negligence as a defense to the humanitarian submission and there was then no conflict or misdirection in the instructions. Slaughter v. Myers, (Mo.) 335 S.W.2d 50, 55. But that is not the situation with respect to these instructions, the parties and theories were transposed or reversed, otherwise this case is governed by Mott v. Chicago, R. I. & P. Ry. Co., (Mo.App.) 79 S.W.2d 1057, 1062, and Wabash Railroad Co. v. Dannen Mills, Inc., 365 Mo. 827, 830. 288 S.W.2d 926, 927."

Taking cognizance of that case and those cited therein, § 17.14, M.A.I. carries the following cautionary note on page 135:

"*Caution.* Where one party submits on humanitarian negligence and the other submits on primary negligence, the primary negligence verdict directing instruction should include the following tail:

"Unless you believe (*here insert name of party charged with humanitarian negligence*) was negligent as submitted in (*here insert number of instruction submitting humanitarian negligence*).*"

And in Staat v St. Louis Public Service Company, 397 S.W.2d 675, 1. c. 680, the Supreme Court again stated " * * * an instruction by defendant on its counterclaim charging primary negligence against plaintiff is erroneous if it ignores the plaintiff's verdict-directing humanitarian submission. * * *"

We conclude that the errors noted were prejudicial to the plaintiff and the court properly sustained motion for a new trial. The judgment is affirmed.

RUDDY, J., and J. MORGAN DONELSON, Special Judge, concur.

ANDERSON, J., not participating.